# IN THE COURT OF APPEALS OF IOWA

No. 17-1969
Filed February 6, 2019

**RONALD LEE VALLA,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


Appeal from the Iowa District Court for Pottawattamie County, Jeffrey L. Larson, Judge.


Ronald Valla appeals the denial of his application for postconvicton relief. **AFFIRMED.**



Patrick A. Sondag of Sondag Law Office, Council Bluffs, until withdrawal, and then Marti Nerenstone, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee State.


Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Ronald Valla appeals the denial of his application for postconvicton relief (PCR). He argues his PCR counsel rendered ineffective assistance to the level of structural error in prosecuting his claim that his plea counsel rendered ineffective assistance in allowing him to plead guilty while suffering from a mental impairment.

In 2013, Valla assaulted a man and stole his vehicle in Council Bluffs. He was apprehended by Omaha law enforcement following a high-speed chase. Valla was interviewed by an Omaha detective following his capture. The detective characterized Valla as "unstable" during the interview. A Council Bluffs detective interviewed Valla a few days later. During this interview, Valla shared his version of the events. Some of Valla's statements during the interview could be characterized as nonsensical. Valla subsequently underwent a pretrial-release evaluation. The evaluation noted Valla has a history of mental disorders and has been treated for bipolar disorder, depression, and schizophrenia and he is "taking medications." The evaluation also noted Valla's mother is scared of him.

Pursuant to a plea agreement, Valla ultimately pled guilty to an amended charge of second-degree robbery in return for the State's dismissal of other charges.[1] He was sentenced to a term of imprisonment. Valla filed a pro se application for PCR in June 2016, alleging he "was not mentally competent to understand the charges or stand trial, or to take a plea bargain without mental evaluation," and plea counsel therefore rendered ineffective assistance in allowing

---

[1] Valla was originally charged with first-degree robbery and assault while participating in a felony. Later, he was separately charged with assault on a correctional officer and interference with official acts, both resulting in bodily injury.

him to plead guilty. Valla's application alleged that shortly after he began serving his term of imprisonment, he was civilly committed to a full-time alternative placement and such placement continued until at least March 2016. Attached to the application was a March 2016 letter addressed to Valla from the Office of Ombudsman which noted a review of Valla's correctional and medical file showed he was civilly committed shortly after going to prison. Also attached was a March 2016 district court order continuing Valla's full-time alternative placement in prison.

Valla was provided court-appointed counsel, who subsequently deposed Valla's plea counsel. A hearing on Valla's application was held in March 2017. At the hearing, the parties stipulated as to Valla's extensive mental-health history. Specifically, the State agreed Valla has suffered from mental illnesses and he was receiving treatment for the same when he was initially incarcerated for the underlying crimes.[2]

The matter was submitted to the court upon oral argument, exhibits, briefs, and the underlying court files. The court denied the application, concluding Valla "failed to show any evidence through medical opinion, nor non-medical opinion, that [he] lacked competence to understand the proceeding or lacked the competence to enter a valid guilty plea." The court also found Valla suffered no prejudice. As noted, Valla appeals.

---

[2] The parties subsequently filed a written stipulation agreement providing the following:
> As one of the stipulations, the parties stipulate and agree; that Valla has a long history of Bipolar Disorder and Paranoid Schizophrenia and that he has been noncompliant with his medications in the past as indicated by various mental health examinations . . . in 2002; . . . 2008; and . . . 2009 . . . .

Valla argues his PCR counsel rendered ineffective assistance to the level of structural error. We review such claims de novo. *See Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011). To prove counsel rendered ineffective assistance, Valla must establish (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

Generally, Valla argues his PCR counsel rendered ineffective assistance to the level of structural error in prosecuting his claim that his plea counsel rendered ineffective assistance in allowing him to plead guilty while suffering from a mental impairment. To carry his burden on the prejudice requirement, Valla must demonstrate there is a reasonable probability that, but for PCR counsel's alleged errors, the result of the PCR proceeding would have been different, i.e., his application would have been granted instead of denied. *See State v. Harrison*, 914 N.W.2d 178, 206 (Iowa 2018). Consequently, whether PCR counsel rendered ineffective assistance largely turns on the underlying claim of whether plea counsel was ineffective.

The general claim raised in Valla's application was that plea counsel was ineffective in allowing him to plead guilty without subjecting him to a mental-health evaluation. In his deposition, plea counsel testified that after a review of Valla's case he was well aware of Valla's mental status and potential competency issues. Plea counsel discussed these issues with Valla. Pursuant to their discussion,

counsel determined Valla understood the nature of the charges and penalties he was facing, the nature and extent of the evidence against him, possible defenses to the charges, his rights to a jury trial and to cross-examine witnesses, and the roles of the judge and jury. Counsel also discussed potential plea options with Valla and was able to determine the type of plea deal Valla desired. Counsel testified Valla did not exhibit any irrational behavior during their discussions or during the plea hearing. A review of the transcript from the plea hearing confirms the latter. Based on his exchanges with Valla, plea counsel determined "raising competency would have been frivolous." Counsel also pointed out that "the mental health was complicated by the potential use of drugs at the time" Valla committed the crimes.

This was not a case in which there was a lack of diligence on the part of plea counsel. Here, counsel recognized potential competency and mental-health issues on the part of Valla, explored them, and, in his judgment, determined they were not worth pursuing. *See Ledezma v. State*, 626 N.W.2d 134, 142–43 (Iowa 2001) ("[I]neffective assistance is more likely to be established when the alleged actions or inactions of counsel are attributed to a lack of diligence as opposed to the exercise of judgment. . . . [M]ere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel."). Counsel determined Valla understood the nature of the charges and penalties he was facing; the nature and extent of the evidence against him; possible defenses to the charges; his rights to a jury trial and to cross-examine witnesses; and the roles of the judge and jury. *Cf.* Iowa Code § 812.3(1) (2013) (noting a criminal defendant's competency should be evaluated if there are "specific facts showing that the defendant is suffering from a

mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense"). Although the record is clear that Valla had a history of mental illness, such, without more, is insufficient to trigger an affirmative duty to question a defendant's competency. *See State v. Einfeldt*, 914 N.W.2d 773, 783 n.3 (Iowa 2018). On our de novo review of the record, we find plea counsel did not breach an essential duty. Consequently, we find no reasonable probability that, but for PCR counsel's alleged errors, the result of the PCR proceedings would have been different. We affirm the denial of Valla's PCR application.

**AFFIRMED.**