## IN THE COURT OF APPEALS OF IOWA

No. 17-0885
Filed April 3, 2019

**PAUL HENRY CANNON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.

Paul Cannon appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Eric D. Tindal of Keegan and Tindal, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee State.

Considered by Vogel, C.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, Chief Judge.**

Paul Cannon appeals the denial of his application for postconviction relief (PCR). He argues his PCR counsel was ineffective for failing to obtain an expert opinion on his competency and for failing to challenge the procedure used during the competency determination. We find his PCR counsel did not commit structural error and the procedure during the competency determination complied with due process. Therefore, we affirm.

In November 2012, Cannon was charged with robbery in the first degree as an habitual offender. On February 1, 2013, he pled guilty in a hearing to robbery in the second degree as an habitual offender. On February 6, he complained of evidentiary deficiencies and coercion in a pro se filing, which the court treated as a motion in arrest of judgment and scheduled for hearing. After multiple continuances, and with new counsel appointed for Cannon, the court heard the matter on May 30, wherein Cannon requested and the court approved a competency evaluation under Iowa Code chapter 812 (2013). A licensed psychologist then interviewed Cannon and, in a report filed June 25, opined "[a]lthough [Cannon] has a history of learning problems and psychiatric disorder, the present evaluation suggests that he is embellishing his symptoms, but he also is able to demonstrate an adequate rational/factual understanding of the legal process and can therefore be considered competent to stand trial." On July 10, the court determined Cannon was competent to proceed, denied his motion in arrest in judgment, and sentenced him pursuant to his plea to a term of incarceration not to exceed fifteen years. He appealed his sentence, and our supreme court dismissed the appeal as frivolous on December 11, 2014.

On May 22, 2015, Cannon filed his application for PCR, asserting his counsel was ineffective for failing to object to deficiencies in his competency evaluation and asking the court to set aside his conviction and schedule a jury trial. A hearing was held on April 21, 2017, wherein Cannon was the only witness, although Cannon's school records and medical records from the Iowa Department of Corrections were received into evidence. The court also took judicial notice of the underlying criminal record, which included the competency report. On May 11, the court denied his application for PCR, finding no ineffective assistance related to his competency evaluation and "at the time Cannon entered his plea of guilty herein, he was competent to stand trial." He now appeals.

We generally review the denial of PCR for correction of errors at law. *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011). However, we review an ineffective-assistance claim in a PCR de novo. *Id*. Generally, "[t]o establish an ineffective-assistance-of-counsel claim, a claimant must demonstrate '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Id.* at 251 (quoting *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006)). "The claimant must prove both elements by a preponderance of the evidence." *Id*.

Cannon argues his PCR "counsel failed to have an expert evaluate him, the prior competency process, or even render an opinion on what the records presented . . . as it relates to Cannon's competency."[1] According to Cannon, this

---

[1] In addition to finding Cannon was competent to stand trial, the PCR court found no authority for him to request an additional expert evaluation for his competency hearing. However, Iowa Code section 812.3(2) states: "Any party is entitled to a separate psychiatric evaluation by a psychiatrist or licensed, doctorate-level psychologist of their own choosing." We acknowledge Cannon's counsel could have requested an additional expert evaluation and do not rely on the court's mistaken belief of the absence of such authority.

failure resulted in "structural error" that affects "the framework within which the trial proceeds." *Id.* at 252 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991)). Structural errors include:

> (1) [where] counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Id.* at 252. Our supreme court has found structural error where an unlawful "asset freeze violated [the defendant's] constitutional right to be master of his defense," and where defendant's counsel failed "to seek a continuance to prevent dismissal under Iowa Rule of Civil Procedure 1.944 or to make application to the court for the reinstatement of his case after it was dismissed by operation of the rule." *Krogmann v. State*, 914 N.W.2d 293, 326 (Iowa 2018); *Lado*, 804 N.W.2d at 253. When structural error occurs, "'[n]o specific showing of prejudice [is] required' as the criminal adversary process itself is 'presumptively unreliable.'" *Lado*, 804 N.W.2d at 252 (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984)).

We find Cannon's PCR counsel took meaningful steps in an attempt to show his trial counsel was ineffective during the competency determination. His PCR counsel introduced his medical and school records as evidence and examined Cannon as a witness at the PCR hearing. His PCR counsel also argued at the hearing and in a brief that Cannon has long-term mental and psychiatric issues and has been identified as low-functioning since his youth. The fact PCR counsel did not also introduce an expert opinion as to Cannon's competency at the PCR hearing to counter the psychologist's opinion of Cannon's competency during the

plea proceeding does not affect the very foundation of the PCR proceeding. *See id.* Therefore, Cannon's PCR counsel did not commit structural error by failing to introduce an expert opinion.

Cannon also argues his PCR counsel was ineffective for failing to object to the procedure used in the competency determination. Specifically, he argues that holding the competency hearing soon after the psychologist issued his opinion violates his procedural due process rights. "At the very least, procedural due process requires notice and opportunity to be heard in a proceeding that is adequate to safeguard the right for which the constitutional protection is invoked. However, [n]o particular procedure violates [due process] merely because another method may seem fairer or wiser." *State v. Seering*, 701 N.W.2d 655, 665–66 (Iowa 2005) (internal quotations and quotation marks omitted). The psychologist's opinion was filed on June 25, and the court heard the matter and found Cannon competent on July 10. This period of more than two weeks between the filing of the psychologist's opinion and the hearing provided him with a sufficient "notice

and opportunity to be heard." *Id.* Therefore, his PCR counsel was also not ineffective for failing to object to the procedure of his competency determination.[2]

**AFFIRMED.**

---

[2] We further note the relief Cannon ultimately seeks—setting aside his guilty plea—may not be available by challenging the competency determination made during consideration of his motion in arrest of judgment. A finding of incompetency results in the suspension of "criminal proceedings indefinitely" and an order of treatment rather than setting aside findings already made. Iowa Code § 812.5(2). If the defendant's competency is later restored, the proceedings are reinstated. *Id.* § 812.8(5). A defendant may be able to set aside a guilty plea by showing it was not "given voluntarily, knowingly, and intelligently" and with a factual basis. *State v. Meron*, 675 N.W.2d 537, 542 (Iowa 2004). As the district court observed during the hearing on the motion in arrest of judgment, the plea court "very kindly and patiently and thoroughly went over all of the issues that needed to be addressed in order to determine whether the defendant was providing a knowing, intelligent and voluntary plea of guilty to the lesser-included offense of Robbery in the Second Degree."