# IN THE SUPREME COURT OF IOWA

No. 09–0853

Filed September 2, 2011

**DANIEL LADO,**

Appellant,

vs.

**STATE OF IOWA,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, D.J. Stovall, Judge.

Applicant seeks further review of court of appeals decision affirming the dismissal of his petition for postconviction relief and preserving his ineffective-assistance-of-postconviction-relief-counsel claim for further postconviction relief action. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED, AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender, and Thomas J. Gaul, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, John P. Sarcone, County Attorney, John Judisch and Celene Gogerty, Assistant County Attorneys, for appellee.

**ZAGER, Justice**.

Daniel Lado appeals the district court's dismissal of his application for postconviction relief for failure to prosecute under Iowa Rule of Civil Procedure 1.944. Lado claims his failure to advance his application resulted from ineffective assistance of counsel. The court of appeals found Lado's counsel was ineffective, but preserved his claim for postconviction relief because it could not determine from the record whether there was a reasonable probability that the proceeding would have been different had counsel sought a continuance. On further review, we find Lado's counsel committed structural error that constructively denied Lado the right to counsel and rendered the postconviction relief proceeding inherently unreliable. Accordingly, we vacate the decision of the court of appeals, reverse the district court's dismissal, and remand the case for adjudication on the merits of Lado's postconviction relief application.

## I. Background Facts and Proceedings.

Daniel Lado pleaded guilty to dependent adult abuse in July 2006. The trial court imposed a ten-year prison term, suspended the sentence, and placed Lado on probation. In January 2007, after an evidentiary hearing, Lado's probation was revoked, and his prison sentence was reinstated. Lado filed several requests for his sentence to be reconsidered, which the court denied.

On May 9, 2007, Lado filed a pro se petition for postconviction relief which contained a request for appointment of counsel. For eighteen months, no action was taken on Lado's application. A clerk finally brought Lado's request for appointed counsel to the district court's attention. On November 5, 2008, the district court appointed Lado counsel. The court's order instructed appointed counsel to confer

with Lado within sixty days, investigate the basis of his application, and amend the application if necessary. The order also specifically warned appointed counsel Lado's application was under a rule 1.944 dismissal notice for failure to prosecute.

Lado's counsel filed an application to copy the file on December 10, 2008. On January 7, 2009, the court granted Lado's application. On January 29, the State filed an answer to Lado's pro se petition, and the State also filed a motion for summary judgment and dismissal of Lado's petition. The State alleged summary judgment should be granted for several reasons, including "the application is subject to dismissal pursuant Iowa Rule of Civil Procedure 1.944." On February 6, the State filed an amended and substituted motion for summary judgment and dismissal, again asking for dismissal pursuant to rule 1.944.

In response, appointed counsel filed an application for extension on February 19. Counsel admitted he had not reviewed the entire file or discussed the State's motion with Lado. Counsel, however, made no motion to extend or seek relief from the rule 1.944 time requirement.

The court set a hearing for March 17, and ordered the parties to provide written materials at least two days before the hearing. The State filed a written argument in support of its motions for summary judgment and dismissal. Lado's counsel filed nothing. Lado's counsel did represent him at his hearing, which was not reported. The district court entered its order of dismissal on May 6, 2009, finding that the case had been dismissed on January 1, 2009, by operation of rule 1.944. The district court did not address any issue on the merits of Lado's postconviction relief application in its order.

Lado filed a pro se notice of appeal alleging dismissal under rule 1.944 resulted from ineffective assistance of counsel. The case was

transferred to the court of appeals. The court of appeals affirmed the dismissal. The court of appeals concluded Lado had proven his counsel breached an essential duty. However, the court of appeals preserved Lado's claim for postconviction relief because it found the record was insufficient to determine whether the district court would have granted Lado's postconviction relief application if his counsel had acted competently. Lado petitioned for further review, which we granted.

## II. Standard of Review.

This court generally reviews an appeal from a denial of a postconviction relief application for correction of errors at law. *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010). When the applicant's claims are of a constitutional nature, this court engages in a de novo review. *Id.* Lado, however, has a statutory, not constitutional right to effective assistance of counsel on postconviction relief. *See Dunbar v. State*, 515 N.W.2d 12, 14–15 (Iowa 1994) (finding Iowa Code section 633A.5 (1991), now codified as Iowa Code section 822.5, provides a right to counsel in postconviction relief proceedings which necessarily implies "effective assistance"). In accord with *Dunbar*, we still apply a de novo review. *See id.* (making factual and legal determinations without deference to the district court).

## III. Ineffective Assistance of Counsel.

In *Dunbar*, we used federal constitutional law to guide our analysis of the postconviction relief applicant's statutory right to effective assistance of counsel. *See Dunbar*, 515 N.W.2d at 15 (analyzing the applicant's ineffective-assistance claim under the well-established *Strickland* two-prong test). Since the parties do not advocate any other framework, we will use constitutional ineffective-assistance-of-counsel precedent to guide our analysis in this case.

To establish an ineffective-assistance-of-counsel claim, a claimant must demonstrate "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 2064–65, 80 L. Ed. 2d. 674, 693 (1984)). The claimant must prove both elements by a preponderance of the evidence. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). We address each prong in order.

**A. Breach of Essential Duty.** An attorney breaches an essential duty when "counsel's representation [falls] below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. " 'Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel.' " *Millam v. State*, 745 N.W.2d 719, 721 (Iowa 2008) (quoting *Ledezma*, 626 N.W.2d at 143). Ineffective assistance, however, is more likely when counsel's alleged actions or inactions result from a lack of diligence, rather than use of judgment. *Ledezma*, 626 N.W.2d at 142–43. "Clearly, there is a greater tendency for courts to find ineffective assistance when there has been 'an abdication—not exercise—of . . . professional [responsibility].' " *Id.* (alteration in original) (quoting *McQueen v. Swenson*, 498 F.2d 207, 216 (8th Cir. 1974)).

Lado's counsel was apprised of the pending rule 1.944 dismissal notice. The State moved for summary judgment and dismissal on rule 1.944 grounds. The State's amended and substituted motion for summary judgment and dismissal again asked for dismissal pursuant to rule 1.944. Lado's counsel never sought a continuance of the case under the rule, nor did counsel file an application for reinstatement as allowed by the rule. Permitting a client's postconviction relief application to be

dismissed because of inaction is never an effective trial strategy. Counsel's failure to seek a continuance of the case, or to apply to have the case reinstated, resulted from abdication, not exercise, of professional judgment. Counsel therefore breached an essential duty resulting in the case being dismissed.

**B. Prejudice.** Ordinarily, a claimant must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" to establish prejudice. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698. This is because "the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial." *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 2046, 80 L. Ed. 2d 657, 667 (1984). In other words, a person's right to counsel is only implicated when attorney error undermines the reliability and fairness of the criminal process. Most ineffective-assistance claims involve "trial error" which implicates counsel's performance during the course of a legal proceeding. *Roe v. Flores-Ortega*, 528 U.S. 470, 481–82, 120 S. Ct. 1029, 1037, 145 L. Ed. 2d 985, 998 (2000). The actual-prejudice approach manifests that not all "trial errors" undermine the reliability and fairness of the legal proceeding. *Id.*

Defense counsel, however, may also commit "structural errors." Structural errors are not merely errors in a legal proceeding, but errors "affecting the framework within which the trial proceeds." *Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S. Ct. 1246, 1265, 113 L. Ed. 2d 302, 331 (1991). We have recognized structural error occurs when: (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where

surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants. *State v. Feregrino*, 756 N.W.2d 700, 707 (Iowa 2008) (citing *Cronic*, 466 U.S. at 659, 104 S. Ct. at 2047, 80 L. Ed. 2d at 668).[1]

Under these circumstances, "[n]o specific showing of prejudice [is] required" as the criminal adversary process itself is "presumptively unreliable." *Cronic*, 466 U.S. at 659, 104 S. Ct. at 2047, 80 L. Ed. 2d at 668; *see also Penson v. Ohio*, 488 U.S. 75, 77–78, 88, 109 S. Ct. 346, 348–49, 354, 102 L. Ed. 2d 300, 307, 314 (1988) (finding complete denial of counsel where appellate counsel's appeal was entitled "Certification of Meritless Appeal and Motion" and contained no argument). Stated another way, when counsel commits a structural error, the defendant does not have to show he would have obtained a different outcome absent the counsel's structural error because such an analysis "would be a speculative inquiry into what might have occurred in an alternate universe." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150, 126 S. Ct. 2557, 2565, 165 L. Ed. 2d 409, 420 (2006) (presuming prejudice where trial court erroneously inhibited defendant from having his choice of counsel). In cases where defense counsel fails to file an appeal against the defendant's wishes, the Court has determined the "serious denial of the entire judicial proceeding itself . . . similarly demands a presumption of prejudice." *Flores-Ortega*, 528 U.S. at 483, 120 S. Ct. at 1038, 145 L.

---

[1]The Iowa case law on "structural error" is minimal and primarily concerns a defendant's adherence to procedural requirements in waiving a jury trial. We originally held failure to adhere to the waiver-of-jury-trial rule requirements was a structural error, but, in a more thoroughly reasoned opinion, changed course. *State v. Stallings*, 658 N.W.2d 106, 111 (Iowa 2003), *overruled by State v. Feregrino*, 756 N.W.2d 700, 707–08 (Iowa 2008). Outside of these cases, our case law provides few applications of structural error.

Ed. 2d at 999. In sum, when a structural error occurs in a proceeding, the underlying criminal proceeding is so unreliable the constitutional or statutory right to counsel entitles the defendant to a new proceeding without the need to show the error actually caused prejudice.

The court specifically warned Lado's counsel that his postconviction relief application was subject to rule 1.944 dismissal. Counsel at no point sought a continuance to obtain relief from the rule's consequences. Additionally, after the court dismissed the case pursuant to the rule, counsel never made application to the court to have the case reinstated as allowed by the rule. When the State filed its motions for summary judgment and dismissal alleging Lado's application should be dismissed pursuant to rule 1.944, Lado's counsel sat silent and did not respond. Not surprisingly, the court dismissed Lado's application for failure to prosecute. Lado was constructively without counsel during his postconviction relief proceeding as his application was dismissed without any consideration of its merits or meaningful adversarial testing. This is the type of error that renders the entire postconviction relief proceeding "presumptively unreliable." Accordingly, Lado's statutory right to effective counsel entitles him to have his postconviction relief dismissal reversed and to proceed with his postconviction relief proceeding.

## IV. Disposition.

Lado has proven his counsel was ineffective in failing to seek a continuance to prevent dismissal under Iowa Rule of Civil Procedure 1.944 or to make application to the court for the reinstatement of his case after it was dismissed by operation of the rule. Counsel's failure was a structural error that allowed Lado's application to be denied without consideration of the merits or adversarial testing. This type of structural error renders the entire postconviction relief proceeding

unreliable and undermines Lado's right to a fair trial. Therefore, prejudice is presumed. The decision of the court of appeals is vacated, the district court's dismissal is reversed, and the case is remanded to the district court for adjudication on the merits.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED, AND CASE REMANDED.**

All justices concur except Mansfield, J., who takes no part.