# IN THE COURT OF APPEALS OF IOWA

No. 13-1010
Filed May 14, 2014

**RODERICK DWAYNE CHISLEY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Michael S. Walsh, Judge.


An applicant appeals the dismissal of his second application for postconviction relief. **AFFIRMED.**


Rees Conrad Douglas, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, and Patrick Jennings, County Attorney, for appellee.


Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**MULLINS, J.**

Roderick Chisley appeals the district court's denial of his second application for postconviction relief (PCR). He asserts his appellate counsel on his first PCR application rendered ineffective assistance by telling him that he did not need to seek further review of our court's affirmance of the district court's denial of his first PCR application in order to seek habeas corpus relief in the federal court. His habeas corpus application was denied based in part on his failure to exhaust state remedies. In his second PCR action, he sought a new trial on his first PCR application in order to exhaust his state remedies on those claims so that he can again seek habeas corpus relief.

The district court denied his current PCR application based on the three-year statute of limitations for PCR actions found in Iowa Code section 822.3 (2011). The court found the claim he now raises does not fit within the exception to the three-year bar because the claim does not involve any new evidence or involve any new legal claims that relate to or affect his conviction. *See Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003) ("[T]he applicant must also show a nexus between the asserted ground of fact and the challenged conviction."). In addition, the court concluded section 822.8 barred Chisley's second application. This section provides:

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or

was inadequately raised in the original, supplemental, or amended application.

Iowa Code § 822.8.

In federal court Chisley already raised the issue of his PCR appellate counsel's erroneous advice—that he did not need to file for further review in order to pursue his habeas corpus claim—when he was faced with a motion for summary judgment. The federal court rejected the claim that counsel's ineffectiveness excused his failure to exhaust his state remedies, concluding because there is no constitutional right to an attorney in PCR proceedings, he cannot claim ineffective assistance excused his procedural default. *See Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005) (holding that an attorney's error does not constitute cause to excuse a procedural default unless the attorney's performance was constitutionally deficient and confirming there is no Sixth Amendment right to the effective assistance of postconviction counsel); *see also Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011) (noting a PCR applicant as a statutory, not constitutional, right of effective assistance of counsel on postconviction relief).

Because we agree with the district court that Chisley's second application is untimely under section 822.3 and he is precluded by section 822.8 from reasserting the same claims, we affirm the district court's decision pursuant to Iowa Court Rule 21.26(1)(d).

**AFFIRMED.**