# IN THE COURT OF APPEALS OF IOWA

No. 15-1314
Filed June 15, 2016

**LUCINDA GILLAM,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer,

Judge.


        An applicant appeals the district court's dismissal of her application for

postconviction relief.  **AFFIRMED.**


        Patrick A. Sondag of Sondag Law Office, Council Bluffs, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee State.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Lucinda Gillam was convicted of first-degree robbery in 2002. She appealed her conviction, and her appeal was dismissed as frivolous. Procedendo following her direct appeal was issued August 2003. This is her third postconviction-relief proceeding,[1] and it was filed in August 2014, eleven years after procedendo was issued. In this proceeding, Gillam claims a 2008 mental health evaluation revealed she has had schizoaffective disorder since childhood, which was present and undiagnosed at the time of the offense and affected her ability to form the specific intent to commit robbery.

This same claim was raised and rejected as untimely in her second application for postconviction relief. *See Gillam*, 2014 WL 468022, at *1-2. This court concluded the claim was time-barred and Gillam failed to prove the exception to the three-year statute of limitations. *See* Iowa Code § 822.3 (2013) (noting all PCR actions must be filed within three years from the date procedendo is issued unless there is "a ground of fact or law that could not have been raised within the applicable time period"); *Gillam*, 2014 WL 468022, at *2 ("Gillam cannot survive the State's motion to dismiss as she has not presented sufficient proof that her new mental health diagnosis was a new ground fact that could not have been discovered within the three-year statute of limitations for postconviction-relief actions.").

---

[1] The prior two PCR actions were denied by the district court and affirmed on appeal by this court. *See Gillam v. State*, No. 13-0359, 2014 WL 468022, at *1 (Iowa Ct. App. Feb. 5, 2014); *Gillam v. State*, No. 07-0534, 2008 WL 1887309, at *1 (Iowa Ct. App. Apr. 30, 2008).

Gillam now claims she presented sufficient evidence to show the exception to the three-year statute of limitations should apply to her; however, her claim is still time-barred. Accepting her assertions regarding her mental health condition as true, her condition was diagnosed in 2008, but she did not make the claim in this pending action until August 2014, more than six years later. The district court was correct in concluding this claim is time-barred.

Gillam also claims she was constructively denied counsel in this third PCR proceeding under the structural-error analysis contained in *Lado v. State*, 804 N.W.2d 248 (Iowa 2011). Specifically, she claims counsel failed to seek a ruling on her motion for an expert witness before the court dismissed the case and counsel failed to resist in a "meaningful" way the State's motion for summary dismissal. Because Gillam's PCR claim was time-barred, counsel had no duty to pursue a meritless issue. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) ("We will not find counsel incompetent for failing to pursue a meritless issue."). We conclude PCR counsel was not ineffective and affirm the district court's summary dismissal.

**AFFIRMED.**