# IN THE COURT OF APPEALS OF IOWA

No. 16-1182
Filed February 22, 2017

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**DAKARAI DARELL JACKMAN,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson, Judge.

　　　　Defendant appeals from his conviction for possession of a controlled substance with intent to deliver.  **AFFIRMED.**

　　　　Robert E. Breckenridge of Breckenridge Law, P.C., Ottumwa, for appellant.

　　　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

　　　　Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Dakarai Jackman was convicted of possession of a controlled substance with intent to deliver, in violation of Iowa Code section 124.401(1)(d) (2013), following the revocation of his deferred judgment. On appeal, Jackman contends his probation-violation counsel provided constitutionally deficient representation in violation of Jackman's right to the effective assistance of counsel. Specifically, Jackman contends his counsel should have contested the reported violations, investigated whether the defendant was eligible for placement at a residential facility as a potential alternative to prison, and should have moved to continue the disposition hearing until after the resolution of new felony offenses charged during the term of probation. The defendant contends counsel's alleged breaches amounted to structural error.

The controlling framework for evaluating claims of ineffective assistance of counsel is well-established and need not be repeated herein. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Our review of constitutional claims is de novo. *See id.*

Jackman's claims do not entitle him to any relief. First, Jackman has not established his counsel's performance was deficient. To the contrary, counsel's defense during the probation-revocation proceeding was exemplary given the circumstances. Second, Jackman has not established prejudice; his counsel's conduct did not cause structural error within the meaning of our precedents. *See Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011) (defining structural error). We

affirm Jackman's conviction without further opinion.  *See* Iowa Ct. R. 21.26(1)(a), (e).

**AFFIRMED.**