# IN THE COURT OF APPEALS OF IOWA

No. 17-0697
Filed February 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSHUA JOHN SUSIN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Appanoose County, Lucy J. Gamon, Judge.

        Defendant challenges his convictions and sentences for criminal mischief and criminal trespass. **AFFIRMED.**

        R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

        Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

        Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Joshua Susin pursues this appeal following his convictions for criminal mischief in the second degree and criminal trespass. On appeal, he contends his plea counsel was ineffective in failing to seek habeas corpus relief, in not resisting the State's notice of seeking a habitual offender enhancement, and in failing to investigate the case. He contends these purported failings constitute structural error.

Susin's claims are not persuasive. To prevail, Susin has the burden of establishing his counsel breached an essential duty and constitutional prejudice resulted. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). In the context of a plea proceeding, to establish constitutional prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Id.* at 138. Susin does not allege he would have insisted on going to trial but for counsel's alleged errors, and we conclude the alleged errors do not constitute structural error. *See Weaver v. Massachusetts*, 137 S. Ct. 1899, 1907–08 (2017) (defining structural error); *id.* at 1913 (holding the defendant must establish constitutional prejudice where a claim of "structural error is raised in the context of an ineffective-assistance claim"); *Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011) (defining structural error). Susin failed to establish constitutional prejudice.

We affirm the defendant's convictions and sentences.

**AFFIRMED.**