# IN THE COURT OF APPEALS OF IOWA

No. 17-1277
Filed August 15, 2018

**SHAWN DESHAY HOOSMAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

The applicant appeals from the denial of his application for postconviction relief. **AFFIRMED.**

Thomas A. Hurd of Glazebrook, Greenberg & Hurd, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., McDonald, J, and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**BLANE, Senior Judge.**

Shawn Hoosman appeals from the denial of his application for postconviction relief (PCR). He maintains his PCR counsel committed structural error and asks that we remand for a new trial of his PCR application.

**I. Background Facts and Proceedings.**

In 2006, Hoosman was charged with possession of more than ten grams of crack cocaine with intent to deliver, possession of psilocybin mushrooms with intent to deliver, possession of marijuana with intent to deliver, failure to affix a drug tax stamp, and driving while barred. The drug charges included habitual-offender sentencing enhancements due to Hoosman's history of drug and felony convictions.

Hoosman filed a motion to suppress "any and all evidence obtained as a result of a search" of his family's residence as well as "any and all physical or testimonial evidence obtained" after officers seized Hoosman. After a hearing, the district court denied the motion.

After a multi-day trial in 2008, the jury found Hoosman guilty of each charge except possession of psilocybrin mushrooms with intent to deliver. In a second trial, the jury found Hoosman was an habitual offender who was subject to the sentence enhancements. Hoosman was sentenced to concurrent terms of imprisonment not to exceed forty-five years.

Hoosman filed a direct appeal, in which he asserted

> the district court erred in: (1) admitting evidence resulting from a search under "disputed consent"; (2) denying Hoosman's motion for mistrial during opening argument; (3) finding Hoosman had constructive possession of the controlled substances at issue; (4) limiting evidence of the controlled buys; (5) admitting the

investigator's "loaded questions" in a videotaped interview with Hoosman; and (6) not allowing reputation evidence of the investigator.

*State v. Hoosman*, No. 09-0067, 2010 WL 1579428, at *1 (Iowa Ct. App. Apr. 21, 2010). A panel of our court affirmed Hoosman's convictions, and procedendo issued on May 21, 2010.

Hoosman filed his application for PCR in August 2010. After a number of continuances and changes in counsel, the district court filed an order in May 2013 advising Hoosman it was the court's "intention to dismiss this matter unless an amended Application for [PCR] is filed herein setting forth grounds upon which relief may be granted" as "four of [Hoosman's claims] involve allegations which could and should have been raised at the time of" his direct appeal. The court ordered Hoosman to amend his application within sixty days.

Hoosman did not amend his application, and the court dismissed it on November 7. Hoosman resisted the court's dismissal and filed an amended PCR application, in which he raised thirteen claims of ineffective assistance by trial counsel.

The district court granted Hoosman's motion to reinstate his application, and the matter proceeded to an evidentiary hearing in May 2014. At the evidentiary hearing, the only evidence presented was Hoosman's testimony. He did not call his trial attorney as a witness, and the State presented no evidence.

The court filed its written ruling in October, dismissing Hoosman's PCR application as he "failed to preserve ineffective assistance of trial counsel for review." Hoosman appealed the PCR court's decision. A panel of this court reversed and remanded the case to the district court, as an ineffective-assistance-

of-counsel claim need not be raised on direct appeal in order for it to be raised in a PCR proceeding. *See Hoosman v. State*, No. 14-1870, 2016 WL 1704013, at *2 (Iowa Ct. App. Apr. 27, 2016). On remand, the district court was to rule on the merits from the record already created.

In October 2016, the district court issued its ruling on each of Hoosman's thirteen claims of ineffective assistance of trial counsel, denying and dismissing the application in its entirety.

Hoosman appeals.

## II. Standard of Review.

Where, as here, a PCR petitioner claims ineffective assistance of PCR counsel, our review is de novo. *Allison v. State*, ___ N.W.2d ___, ___, 2018 WL 3198793, at *3 (Iowa 2018).

## III. Discussion.

Hoosman maintains his PCR counsel committed structural error by failing to depose or subpoena his trial counsel to testify, when all thirteen of Hoosman's PCR claims involved the allegation that trial counsel provided ineffective assistance.

Generally, when an applicant claims counsel provided ineffective assistance, the applicant has the burden to establish (1) his counsel failed to perform an essential duty and (2) this failure resulted in prejudice. *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011). However, when a claimant maintains counsel committed structural errors, "no specific showing of prejudice is required as the criminal adversary process itself is presumptively unreliable." *Id.* at 252 (altered for readability). "Structural errors are not merely errors in a legal proceeding, but

errors 'affecting the framework within which the trial proceeds.'" *Id.* (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991)). When a structural error occurs, "the underlying criminal proceeding is so unreliable the constitutional or statutory right to counsel entitles the defendant to a new proceeding without the need to show the error actually caused prejudice." *Id.*

Our supreme court has recognized three categories of structural error, where:

> (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Id.* Courts have found structural error where counsel allowed the claimant's PCR application to be dismissed or where counsel failed to file an appeal altogether. *See, e.g., id.* at 253; *see also Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). Such conclusions make sense, as "no presumption of reliability can be accorded to judicial proceedings that never took place." *Dockery v. State*, No. 13-2067, 2016 WL 351251, at *4 (Iowa Ct. App. Jan. 27, 2016) (citing *Roe*, 528 U.S. at 484).

This is not a case where the attorney's actions allowed the applicant's claims to be dismissed without consideration of the merits. In fact, PCR counsel prevented Hoosman's application from being dismissed pursuant to the automatic dismissal rule. *See* Iowa R. Civ. P. 1.944. And PCR counsel filed a timely appeal of the PCR court's October 2014 decision, which ultimately resulted in a reversal for a new ruling on the merits.

Hoosman maintains PCR counsel's decision to not call his trial counsel as a witness resulted in a complete failure to advance Hoosman's claims and constitutes structural error. We acknowledge there are certain claims of ineffective assistance where the claimant's own "subjective, self-serving testimony" is not sufficient proof, *see Dempsey v. State*, 860 N.W.2d 860, 869 (Iowa 2015), but it does not follow that trial counsel's testimony would necessarily benefit Hoosman's claims. For example, a number of Hoosman's PCR claims dealt with trial counsel's alleged failure to pursue suppression of evidence, but trial counsel did pursue suppression—Hoosman just did not like the ruling. Similarly, Hoosman complained trial counsel failed to request that the State be ordered to name the confidential informants and failed to contest the State's use of evidence of pre-serialized cash found in Hoosman's possession; trial counsel did both. And at least two of Hoosman's PCR claims were already decided by this court on Hoosman's direct appeal. As trial counsel's testimony could have no effect on any of these aforementioned claims, we cannot conclude the failure to call trial counsel amounted to a structural error.

It is possible PCR counsel could have done more to pursue Hoosman's claims of ineffective assistance against trial counsel, but we cannot say Hoosman was constructively denied counsel or that PCR counsel failed to present Hoosman's claims in any meaningful adversarial context. Thus, Hoosman's claim of structural error fails.[1]

---

[1] Hoosman does not argue in the alternative that we should consider his claim under the *Strickland* ineffective-assistance standard; he does not attempt to establish how PCR counsel's actions—or inactions—caused him to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). Therefore, we do not consider the issue.

We affirm the dismissal of Hoosman's PCR application.

**AFFIRMED.**