# IN THE COURT OF APPEALS OF IOWA

No. 17-1652
Filed May 1, 2019

**CHRISTOPHER DEWAYNE JOHNSON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Wapello County, Shawn Showers,

Judge.

Christopher Johnson appeals the dismissal of his application for

postconviction relief. **AFFIRMED.**

Steven E. Goodlow, Albia, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

A jury convicted Christopher Johnson of first-degree murder for the 2010 killing of his wife. This court affirmed his conviction and sentence on direct appeal. *State v. Johnson*, No. 11-1055, 2012 WL 2819366, at *5 (Iowa Ct. App. July 11, 2012). Johnson filed an application for postconviction relief (PCR), alleging his counsel was ineffective. He now appeals the PCR court's ruling denying him relief.

We review the PCR court's finding that Johnson failed to establish his claims of ineffective assistance of counsel de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). In order to succeed on an ineffective-assistance claim, a PCR applicant must establish that counsel breached a duty and prejudice resulted. *See id.* at 866. We may affirm a ruling rejecting an ineffective-assistance claim if either element is lacking. *See id.*

Johnson's PCR application alleged that his trial counsel was ineffective by failing to: (1) present defenses of intoxication and diminished responsibility, (2) strike more women from the jury, (3) investigate and rebut the medical examiner's conclusion that the victim was likely strangled and rendered incapacitated before she was stabbed, (4) depose a State's witness, (5) take adequate steps to ensure Johnson testified at trial, and (6) argue for lesser-included offenses of voluntary or involuntary manslaughter during closing argument. Most of these complaints stem from counsel's trial strategy. Even though his trial counsel was ultimately unsuccessful, we are unable to find these strategic decisions amount to ineffective assistance of counsel. *See Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001) ("[C]laims of ineffective assistance involving tactical or strategic decisions of counsel must be examined in light of all the circumstances to ascertain whether

the actions were a product of tactics or inattention to the responsibilities of an attorney."). Rather, it is more reasonable to attribute Johnson's conviction to the overwhelming evidence of his guilt.

Of the two claims that do not fall under the purview of counsel's trial strategy, both fail. The record plainly shows the blame for Johnson's failure to testify at trial cannot fall on trial counsel, who fulfilled his duty. Johnson's decision to not testify was his alone. As the PCR court noted:

> [T]rial counsel was an experienced, felony criminal defense attorney when he represented [Johnson]. Trial counsel told [Johnson] what his trial strategy was and why counsel wanted [Johnson] to testify. Trial counsel's approach on his client's decision to testify is exactly what a good criminal defense attorney should do. An attorney can advise a client whether or not he should take a plea deal but he/she can never force their client to take a plea. In the same vein, a criminal defense attorney can only suggest to his client what his advice is regarding testifying. Trial counsel took adequate steps to make sure his client made an informed decision on testifying. Any attempt to "ensure" his client testified would have likely been improper, as that decision is solely up to the defendant.

Finally, even if we were to assume counsel breached a duty in failing to depose one of the State's witness,[1] Johnson has failed to demonstrate that this failure prejudiced him in light of the overwhelming evidence supporting a finding of guilt.

Johnson also argues that regardless of the outcome as to each individual ineffective-assistance claim, the cumulative effect of these errors taken together entitles him to a new trial.[2] Iowa recognizes that the cumulative effect of counsel's

---

[1] We note that Johnson acknowledged at the PCR hearing that the witness's statement to the police, which was included in the minutes of evidence, was essentially identical to his trial testimony. Further, Johnson acknowledged receiving the minutes and seeing the statement in advance of trial.

[2] Johnson argues the combined effect of counsel's errors created "structural error" that effectively denied him his right to counsel, which requires no specific showing of prejudice. Structural error occurs when an error affects the framework of the legal proceeding in such a way as to render the criminal adversary process "presumptively unreliable." *Lado v.*

errors may prejudice a defendant even though no individual instance is sufficient to establish prejudice. *See State v. Clay*, 824 N.W.2d 488, 501 (Iowa 2012). However, we only consider the cumulative prejudice of claims for which we have determined that counsel failed to perform a duty or for which we analyzed only under the prejudice prong. *See id.* Here, only Johnson's claim regarding counsel's failure to depose a witness falls under this criterion. There simply are no other claims under which to aggregate prejudice.

Because Johnson has failed to show his trial counsel was ineffective, we affirm the dismissal of his PCR application.

**AFFIRMED.**

---

*State*, 804 N.W.2d 248, 252 (Iowa 2011) (citation omitted). When structural error occurs, the defendant need not demonstrate prejudice because doing so "would be a speculative inquiry into what might have occurred in an alternate universe." *Id.* (citation omitted). For instance, counsel's failure to file an appeal against the defendant's wishes or to respond to a motion to dismiss a PCR application is the type of error affecting a defendant's ability to participate in the adversarial process that results in structural error. *See id.* at 252-53. It appears that Johnson's argument concerns cumulative error rather than structural error.