# IN THE COURT OF APPEALS OF IOWA

No. 21-1255
Filed May 11, 2022

**DIJONIS D. BURKETT BROWN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

An applicant appeals the dismissal of his application for postconviction relief. **REVERSED AND REMANDED.**

Daniel A. Dlouhy of Dlouhy Law, P.C., East Dubuque, Illinois, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

The procedural history of the postconviction-relief (PCR) action leads us to the question we must answer. But we begin with the underlying criminal conviction in September 2018, when a jury found Dijonis Burkett Brown guilty of first-degree robbery. Burkett Brown filed a direct appeal, and a panel of our court affirmed his conviction but vacated his sentence in part and remanded for resentencing. *State v. Brown*, No. 18-1988, 2020 WL 1879686, at *7 (Iowa Ct. App. Apr. 15, 2020). Burkett Brown was resentenced, and he appealed again. We affirmed his sentence to "a mandatory minimum of 70 percent of the maximum term of the previously entered sentence." *State v. Brown*, No. 20-1347, 2021 WL 3661114, at *1 (Iowa Ct. App. Aug. 18, 2021). In March 2021, before the opinion was entered in the second appeal, Burkett Brown applied for PCR.

In the pending PCR action, the district court ordered the PCR trial be held on August 24, 2021. Asserting the conviction was not yet final, the State moved to dismiss the PCR action as the underlying appeal had not yet been decided. The court set the motion to dismiss for hearing on July 19, 2021. Because of a scheduling conflict, Burkett Brown's PCR counsel moved to continue the hearing, and the hearing on the motion was reset for August 30, 2021. Still, there remained a pending PCR trial date of August 24, 2021, which was not continued.[1]

When Burkett Brown's counsel did not show up to the August 24 trial, the district court cancelled the trial, noted the failure to appear, and dismissed the PCR

---

[1] By the trial date, the underlying appeal had been resolved by an opinion, dated August 18, 2021. *See Brown*, 2021 WL 3661114, at *1. However, procedendo did not issue until October 12, 2021.

application without prejudice. In doing so, the court also relied on "the lack of jurisdiction based on the pending appeal." PCR counsel moved to vacate the dismissal on the ground that "the case was continued past that date that the court indicated that the matter was set for hearing." After the State resisted, the district court denied the motion to vacate and found the "State's motion to dismiss was moot at the time set for trial." Burkett Brown now appeals the dismissal of his PCR action for failure to appear, claiming ineffective assistance of counsel.

## I. Standard of Review

We review claims of ineffective assistance of counsel de novo. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). We review a district court's dismissal of a PCR action for errors at law. *Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021).

## II. Analysis

Generally, when an applicant claims counsel provided ineffective assistance, the applicant has the burden to establish (1) counsel failed to perform an essential duty and (2) this failure resulted in prejudice. *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011). However, when an applicant maintains counsel committed "structural errors," "'[n]o specific showing of prejudice [is] required' as the criminal adversary process itself is 'presumptively unreliable.'" *Id.* at 252 (alterations in original) (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984)). "Structural errors are not merely errors in a legal proceeding, but errors 'affecting the framework within which the trial proceeds.'" *Id.* (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991)). When a structural error occurs, "the underlying . . . proceeding is so unreliable the constitutional or statutory right to counsel entitles

the defendant to a new proceeding without the need to show the error actually caused prejudice." *Id.*

Our supreme court has recognized three categories of structural error, where:

> (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Id.* Courts have found structural error where counsel allowed the claimant's PCR application to be dismissed or where counsel failed to file an appeal altogether. *See, e.g.*, *Lado*, 804 N.W.2d at 253; *see also Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). Such conclusions make sense, as "no presumption of reliability can be accorded to judicial proceedings that never took place." *Dockery v. State*, No. 13-2067, 2016 WL 351251, at *4 (Iowa Ct. App. Jan. 27, 2016) (citing *Roe*, 528 U.S. at 484).

Here, Burkett Brown's counsel was informed of the pending trial date and the hearing date. His counsel moved the motion-to-dismiss hearing date but failed to address the pending trial date. While it might be characterized as a mistake in judgment or confusion over the dates, that error resulted in a dismissal of the PCR claim because of a lack of action and diligence. As in *Lado*, Burkett Brown "was constructively without counsel during his [PCR] proceeding as his application was dismissed without any consideration of its merits or meaningful adversarial testing." 804 N.W.2d at 252. "This type of structural error renders the entire [PCR]

proceeding unreliable and undermines [Burkett Brown's] right to a fair trial." *Id.* at 253.

We reverse the district court's dismissal of Burkett Brown's PCR application and remand for adjudication on the merits.

**REVERSED AND REMANDED.**