# IN THE COURT OF APPEALS OF IOWA

No. 22-0929
Filed June 7, 2023

**JON PATRICK KING,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Webster County, Amy M. Moore,

Judge.

　　　An applicant appeals the denial of his postconviction-relief application.

**AFFIRMED.**

　　　Agnes Warutere, Ankeny, for appellant.

　　　Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney

General, for appellee State.

　　　Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

In December 1991, J.W. filed a complaint against Jon King, stating that King

> [f]orced his way in, ripped phone from wall, grabbed me by my neck
> through [sic] me against the couch as a result of that my head hurts,
> and I have ear pain in my right ear also had me by the back of my
> hair pulling me around in the other room.

King pled guilty to second-degree attempted burglary and two counts of serious assault in February 1992. That March, he was sentenced to no more than five years on the attempted-burglary charge and one year each on the assault charges, with the sentences running consecutively, and ordered to pay victim restitution; King was released in October 1995.[1] Believing that J.W. had since "recanted her accusations," King filed for postconviction relief (PCR) in October 2018 based on this newly discovered evidence. After a trial in April 2022, the district court denied the application. King appeals that ruling, arguing the district court erred when it found he did not meet his burden to prove his actual innocence. We review the

---

[1] Typically, "[PCR] applications must be filed within three years from the date the conviction or decision is final . . . . However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3 (2018). To avoid this statute of limitations based on a new ground of fact, the applicant must both "show he or she could not have raised the ground of fact within the applicable time period" and that the ground of fact used to challenge the conviction is relevant, or "is the type of fact 'that has the potential to qualify as material evidence for purposes of a substantive claim under section 822.2." *Schmidt v. State*, 909 N.W.2d 778, 798–99 (Iowa 2018) (citation omitted). Although King touches on this issue in his appellate brief, the State did not raise this time-bar to the district court and the district court did not address it, so we do not focus our review on the issue. *Cf. Page v. State*, No. 14-1842, 2016 WL 719243, at *2 (Iowa Ct. App. Feb. 24, 2016) ("The rules of error preservation apply to the State, as well as an applicant in postconviction proceedings. . . . Because the statute of limitations defense was not raised by the State, the district court erred by raising it sua sponte.").

appeal for correction of errors at law, *see Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011), and affirm the district court's dismissal of the PCR application.

In 2018, our supreme court overruled existing caselaw and "allow[ed] defendants to attack their pleas based on extrinsic grounds when they claim actual innocence" and "adopt[ed] a freestanding claim of actual innocence that applicants may bring under our postconviction-relief statute." *Schmidt*, 909 N.W.2d at 781, 790. It explained that

> [f]or an applicant to succeed on a freestanding actual-innocence claim, the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence.

*Id.* at 797

> At the PCR hearing, King testified on direct examination:
>
> > Q. Okay. At some point did you become aware that [J.W.] may have recanted or changed her expected testimony? A. I was— yeah. I was always under the impression that—well, that—I didn't know anything about the statement [found in the initial complaint] that the, you know, the Court has right now. I knew nothing about that.
> > Q. Okay. A. Even then I don't think I knew anything about it.
> > Q. Okay. A. I just knew that I was facing a whole lot of prison time.
> > Q. But you were of the belief that [J.W.] had recanted or [was] not going to testify that this burglary and assault occurred? A. Yeah. I was under the impression—I was told that she moved with [her paramour] to Arkansas. She wasn't even in the state.

But this became a "he says/she says" presentation because King also called J.W. as a witness. And, although her testimony was not as clear as the affidavit she signed some thirty years earlier, she continued to support the basic allegations she previously made. So, King has not established that there was, in fact, any newly discovered evidence. As the district court noted, "[H]er testimony is in no way a

repudiation to the allegations contained in her complaint." And in fact, there is no evidence that J.W. ever recanted.

Because King did not meet the heavy burden to show that no reasonable fact finder could convict him of the crimes for which the sentencing court found him guilty in light of all the evidence presented, including his claimed new evidence, we affirm the denial of his PCR application.

**AFFIRMED.**