# IN THE COURT OF APPEALS OF IOWA

No. 22-1997
Filed April 10, 2024

**HEATHER LORRAINE SWANSON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Boone County, Bethany Currie, Judge.

Heather Swanson appeals the district court's denial of her application for postconviction relief. **AFFIRMED.**

Katherine N. Flickinger of Hastings & Gartin Law Group, LLP, Ames (until withdrawal), and Denise McKelvie Gonyea of McKelvie Law Office, Grinnell, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Greer and Chicchelly, JJ.

**BOWER, Chief Judge.**

Heather Swanson appeals the district court's denial of her application for postconviction relief (PCR), which asserted she received ineffective assistance of counsel in one of her criminal proceedings. Swanson claims her trial counsel was ineffective by failing to move for dismissal based on a speedy-indictment violation and by failing to pursue a claim of law enforcement bias. Upon our review, we affirm.

## I. *Background Facts and Proceedings*

The State filed a trial information charging Swanson with unauthorized possession of an offensive weapon and felon in possession of an offensive weapon. Swanson pleaded guilty to the charge of unauthorized possession of an offensive weapon. The court sentenced Swanson to a five-year indeterminate term of incarceration but suspended the sentence and placed her on probation. The court later entered an order revoking Swanson's probation, imposed her prison term, and running the time concurrently to her sentence in a different case.[1] Swanson thereafter filed a PCR application, claiming ineffective assistance of counsel. Following a hearing, the district court denying Swanson's claims. Swanson appeals.

## II. *Standard of Review*

"Our review of [PCR] proceedings is typically for correction of errors at law. But when . . . reviewing an ineffective-assistance-of-counsel claim, we do so de

---

[1] *See State v. Swanson*, No. 21-0694, 2022 WL 951106, at *1 (Iowa Ct. App. Mar. 30, 2022) (affirming Swanson's conviction for third-degree theft).

novo because such claims are constitutional in nature." *Ruiz v. State*, 912 N.W.2d 435, 439 (Iowa 2018).

## III.    *Discussion*

Swanson claims her trial counsel was ineffective by failing to move for dismissal based on a speedy-indictment violation. To prevail on her ineffective-assistance-of-counsel claim, Swanson must demonstrate (1) her trial counsel failed to perform an essential duty and (2) this failure resulted in prejudice. *See Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011). "Both elements must be proven by a preponderance of the evidence." *Ledezema v. State*, 626 N.W.2d 134, 142 (Iowa 2001). "Counsel breaches an essential duty when counsel makes such serious errors that counsel is not functioning as the advocate the Sixth Amendment guarantees." *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). "We presume counsel acted competently[,] but that presumption is overcome" if we find Swanson has proved her counsel's performance "'fell below the normal range of competency.'" *Id.* at 522 (citation omitted).

"Because the test for ineffective assistance of counsel is a two-pronged test, [Swanson] must show both prongs have been met." *See Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016). If she cannot prove either prong, we need not address the other. *See id.* We resolve Swanson's ineffective-assistance claim on the first prong, whether counsel breached an essential duty.

Swanson was arrested on June 30, 2021. She bonded out, but she failed to appear for her initial appearance. The court issued a bench warrant. Swanson was arrested again on July 14, and her initial appearance took place on July 15.

The State filed a trial information on August 23, thirty-nine days after her initial appearance and forty days after her second arrest.

Iowa Rule of Criminal Procedure 2.33(2)(a)[2] states:

> When an adult is arrested for the commission of a public offense, . . . and an indictment is not found against the defendant within [forty-five] days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto.

According to Swanson, the forty-five-day clock started on June 30, 2021, when "a formal arrest [was] made." Accordingly, she claims her trial counsel was ineffective by failing to file a motion to dismiss on speedy-indictment grounds. At the PCR hearing, Swanson's counsel David Barajas testified he and Swanson discussed raising a speedy-indictment claim, but ultimately they determined it was not supported by the law in effect at the time relevant to her arrest and indictment.

In 2017, our supreme court attempted to clarify "when a statutory arrest occurs for speedy-indictment purposes" by setting forth "a bright-line rule." *Accord State v. Dobbe*, No. 19-0930, 2020 WL 6157785, at *2 (Iowa Ct. App. Oct. 21, 2020). Specifically, in *State v. Williams*, 895 N.W.2d 856, 867 (Iowa 2017), the court held, "The rule is triggered from the time a person is taken into custody, but only when the arrest is completed by taking the person before a magistrate for an initial appearance." This court has since relied on *Williams* to conclude the "speedy-indictment clock began to run" on the date of "initial appearance[, which] completed [the] arrest." *See Dobbe*, 2020 WL 6157785, at *2; *accord id.* ("The determination of when an arrest is completed for purposes of the speedy-

---

[2] This rule was amended, effective July 1, 2023.

indictment rule is of particular importance when, as here, some time passes between an arrest and when the defendant is brought before the magistrate for an initial appearance.").

According to Barajas, the speedy indictment was "an issue that [Swanson] and I had discussed" but opted not to pursue because it was not supported by "the case law." Barajas further explained:

> The problem with [Swanson]'s instance, she was arrested, but she never saw a magistrate for the initial appearance and that—you know, that is necessary—or I believe it's necessary under the current case law to trigger that actually to be the arrest date.
> So she bonded out before she saw a magistrate and then went into warrant status briefly. So if you take those days out, the trial information was timely filed. It was close, I mean, maybe forty days, but that is an issue that we had talked about and we didn't file it because we didn't feel like the case law supported it.
> . . . .
> . . . [S]he did not see the magistrate to complete the arrest. We did the research on it. I think it's the *Williams* case. I don't have a case cite to it, but she bonded out before she saw a judge and I believe that did not trigger the arrest date for the forty-five days to begin.

To support her claim on appeal, Swanson points to the supreme court's ruling in *State v. Watson*, 970 N.W.2d 302, 304 (Iowa 2022), filed after her guilty plea, in which the court "took th[e] opportunity to clear up the confusion" its *Williams* holding had caused.[3] Specifically, the court stated if the arrest is followed by an initial appearance, the forty-five days should be counted "from the dates the citations issued *rather than* [an] initial appearance." *Watson*, 970 N.W.2d at 309 (emphasis added).

---

[3] *See Watson*, 970 N.W.2d at 308 n.4 ("Judges on the court of appeals have disagreed on whether under *Williams* the forty-five-day time clock runs from the date of the initial appearance or the date of arrest.").

Under these facts and circumstances, we conclude counsel did not engage in deficient performance by declining to file a motion to dismiss based on an alleged speedy-indictment violation. At the time relevant to Swanson's case, *Williams* "provide[d] the most recent definition of how courts are to apply the speedy indictment rule." *State v. Smith*, 957 N.W.2d 669, 675 (Iowa 2021). Counsel's understanding and application of *Williams* was reasonable. *Watson* was decided after Swanson entered her guilty plea. In *Watson*, the court recognized the "confusion" *Williams* had caused. 970 N.W.2d at 308 n.4. Here, counsel did not have an obligation to predict the court's clarification in *Watson*. *See State v. Schoelerman*, 315 N.W.2d 67, 72 (Iowa 1982) ("[A]n attorney need not be a 'crystal gazer' who can predict future changes in established rules of law in order to provide effective assistance to a criminal defendant."). Furthermore, because Swanson failed to appear for her initial appearance, resulting in another arrest and a second scheduled initial appearance, her speedy-indictment clock would have started at the time of her second arrest. The trial information was filed within forty-five days of her second arrest. We affirm on this issue.

Swanson also contends trial counsel was ineffective by failing to pursue a claim of law enforcement bias. Specifically, she claims during her criminal proceeding, counsel failed to "cross-examine the officer on bias against [Swanson] or her family" or question Swanson "regarding law enforcement bias." This claim has no connection to the procedural history of this case,[4] and the PCR court did

---

[4] *But see Swanson v. State*, No. 22-1998, 2023 WL 7015339, at *2–3 (Iowa Ct. App. Oct. 25, 2023) (addressing Swanson's claim "that her trial counsel was ineffective in failing to meaningfully confront a State's witness," in which she claimed "counsel committed a breach by not cross-examining the arresting officer

not address it.  Accordingly, we decline to address it.  *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised [to] and decided by the district court before we will decide them on appeal." (citation omitted)).

We affirm the denial of Swanson's PCR application.

**AFFIRMED.**

---

about his bias against Swanson [and] by not affording Swanson a chance to testify about law enforcement bias").