# IN THE COURT OF APPEALS OF IOWA

No. 23-1658
Filed April 23, 2025

**WILLIAM ROBERT SMITH,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

An applicant for postconviction relief appeals the district court's denial of his application. **AFFIRMED.**

Jesse A. Macro of Macro Law, LLP, Des Moines, for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee State.

Considered without oral argument by Schumacher, P.J., Buller, J., and Carr, S.J.* Telleen, S.J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**CARR, Senior Judge.**

William Smith appeals the district court's denial of his application for postconviction relief (PCR), arguing the district court erred in denying his application claiming ineffective assistance of counsel. We affirm.

## I.  Background Facts and Proceedings

Smith was accused of three first-degree robberies and one first-degree theft in 2021. He reached a plea agreement with the prosecutor and pled guilty to two second-degree robberies, reducing his potential sentence from a maximum period of incarceration of ninety years with a mandatory fifty-five-and-one-half-year minimum to a maximum sentence of twenty years with a mandatory ten years. The parties agreed the sentences would run consecutively. The guilty plea contained a circled paragraph "17" which stated, "the judge can order each sentence to be served consecutively or concurrently to each other," with the words "consecutively or concurrently" being underlined in pen. At his sentencing hearing, after hearing four witnesses testify seeking lenity, the trial court gave him the agreed-upon sentence, ordering that the defendant's two ten-year sentences run consecutively with each other. The court also imposed the mandatory minimum agreed to as part of the plea agreement. Smith pursued a direct appeal. By unpublished order on January 14, 2022, the Iowa Supreme Court dismissed the appeal as frivolous.

Smith applied for PCR in May 2022, arguing (1) trial counsel was ineffective in failing to inform him concerning the sentencing aspects of his plea agreement, and (2) trial counsel was ineffective in not speaking up when the district court stated it would comply "with the plea agreement because I think that's the least

amount of sentence I can provide you." The district court denied Smith's application. He only renews his first argument on appeal.

## II. Standard of Review

We review denials of applications for PCR for correction of errors of law, but our review is de novo when a constitutional claim is asserted. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

## III. Discussion

On appeal, Smith argues "trial counsel was constitutionally ineffective for failing to properly advise [him] on his sentencing options pursuant to the plea agreement." "In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). We may affirm dismissal upon the applicant's failure to prove either ground. *Ledezma*, 626 N.W.2d at 142. A breach of duty is established when the trial attorney's representation "falls below an objective standard of reasonableness." *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011).

At the PCR hearing, Smith admitted he knew that "the judge had the option to run it consecutive or concurrent," and before us, Smith advances that "trial counsel failed to properly explain the subtleties of the court having the ultimate sentencing authority and how that authority relates to a joint sentencing recommendation pursuant to a plea agreement."

The record before us belies Smith's argument related to an alleged breach by trial counsel. Trial counsel recalled specifically explaining to Smith the interplay between the sentence he agreed to and the generic paragraph seventeen in the

plea of guilty document. He told Smith the chance of the court to give concurrent time was "an extremely unlikely situation to happen." Smith's allocution before his sentence was imposed demonstrated a clear understanding of the court's options.

The plea agreement was binding on the district court if it accepted the agreement. There was a legal, but very unlikely possibility that the court would make the sentences concurrent instead of the consecutive sentences they had agreed to, as permitted by rule 2.10(3)(a). All of this was explained to Smith. As such, his trial counsel breached no duty in advising him. In the absence of a breach of duty, we must affirm.

**AFFIRMED.**