# IN THE COURT OF APPEALS OF IOWA

No. 24-0797
Filed June 18, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TERRENCE DESHAUN WILLIAMS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt,
Judge.

Following a guilty plea, a defendant appeals the district court's denial of his
request for substitute counsel. **APPEAL DISMISSED.**

Alexander Smith of Parrish Kruidenier, L.L.P., Des Moines, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney
General, for appellee.

Considered without oral argument by Schumacher, P.J., and Buller and
Sandy, JJ.

**SCHUMACHER, Presiding Judge.**

The State charged Terrence Williams by trial information with second-degree criminal mischief, a class "D" felony, in violation of Iowa Code section 716.4(1) (2023), and second-degree attempted burglary, a class "D" felony, in violation of Iowa Code section 713.6. Williams pled not guilty and waived his right to speedy trial.

Roughly two weeks before his jury trial was scheduled to begin, Williams's counsel moved to withdraw, citing "a complete breakdown of the relationship and ability to communicate." The district court held a hearing on the motion, at which Williams conveyed he was seeking substitute counsel. Williams expressed frustration with defense counsel's responsiveness to communications and failure to arrange time for Williams to review discovery before a plea-bargain offer lapsed. Even so, Williams conceded, "[Defense counsel] is a good lawyer, she is a great lawyer. Maybe not the right time."

The district court determined that substitution of defense counsel would not remedy the situation and denied the motion to withdraw. The district court continued the trial date to provide time for Williams and defense counsel to meet to review discovery and discuss Williams's options. Prior to Williams's scheduled trial date, he again requested a hearing to obtain substitute counsel.[1] At the hearing, Williams withdrew his request and asked the court to set a plea hearing as soon as possible.

---

[1] A written motion does not appear in our record.

In January 2024 and with representation by counsel, Williams entered a non-conditional written guilty plea to criminal mischief and attempted burglary, as charged. Williams also waived his right to move in arrest of judgment. Williams's written plea also indicated satisfaction with his attorney and indicated he withdrew any complaint about his attorney that he may have filed previously. In exchange for his guilty pleas, the State agreed to recommend suspended sentences. The district court sentenced Williams in accordance with the plea agreement. Williams appeals, challenging the district court's denial of his request for substitute counsel.

Normally, when a defendant has pled guilty to a felony that is not a class "A" felony, the defendant must establish good cause to challenge the resulting conviction on appeal. Iowa Code § 814.6(1)(a)(3). The defendant must establish a "legally sufficient reason to appeal as a matter of right"—meaning, "a reason that would allow a court to provide some relief." *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021). If such a defendant fails to establish good cause, "this court is without jurisdiction to hear the appeal." *Id.* at 110. The State claims Williams failed to establish good cause.

Ordinarily, "[a] guilty plea waives all defenses and challenges not intrinsic to the voluntariness of the plea." *State v. Tucker*, 959 N.W.2d 140, 146 (Iowa 2021). Still, a defendant can reserve the right to challenge an earlier adverse ruling by entering a conditional guilty plea. *See* Iowa R. Crim. P. 2.8(2)(b)(9). But Williams's guilty plea was not conditional on his right to appeal the district court's denial of his request for substitute counsel. So by pleading guilty, Williams has waived his right to challenge the pretrial ruling. *See, e.g., State v. Hill*, No. 23-1886, 2024 WL 1757330, at *1–2 (Iowa Ct. App. Apr. 24, 2024)

(reasoning the defendant's guilty plea waived his right to challenge the pretrial ruling on a motion to extend the speedy-trial deadline and precluded the appellate court from providing relief). We therefore cannot provide the relief he seeks.

To get around this barrier, Williams asserts we should find good cause based on his claim that the district court's denial of his request was effectively a complete denial of his right to counsel, creating a structural error. *See Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011) (recognizing three ways in which structural error can arise based on a defendant's right to counsel). But Williams was not completely denied counsel; his argument is fundamentally that his representation was so deficient that it equated to no counsel at all.

As Williams concedes, we cannot hear ineffective-assistance-of-counsel claims on direct appeal. *Treptow*, 960 N.W.2d at 109 ("[Iowa's appellate courts are] without authority to decide ineffective-assistance-of-counsel claims on direct appeal."); *see* Iowa Code § 814.7. And we have already rejected a defendant's attempt at opening a back door to ineffective-assistance-of-counsel claims on direct appeal by allowing defendants to present their claim through the lens of structural error that arises from alleged ineffective assistance. *See, e.g.*, *State v. Vanderflught*, No. 22-0569, 2023 WL 5602659, at *1 (Iowa Ct. App. Aug. 30, 2023); *State v. Huffman*, No. 22-0568, 2023 WL 6619396, at *3 (Iowa Ct. App. Oct. 11, 2023).

And Williams's suggestion that *Lado*, which involved postconviction-relief proceedings and was decided years before the legislature added the good cause requirement of section 814.6, permits us to expand our authority as he now requests is unpersuasive. *See* 804 N.W.2d at 252; *see also Treptow*, 960 N.W.2d

at 103 (discussing the 2019 omnibus crime bill that added section 814.6's good cause requirement).

Williams's effort at establishing good cause is also not bolstered by an attempt to claim the alleged error caused him to enter the plea unintelligently or involuntarily. *See Tucker*, 959 N.W.2d at 153 (declining to "hold that a claim that a plea is not intelligently or voluntarily made constitutes good cause to appeal as a matter of right"); *see also State v. Hanes*, 981 N.W.2d 454, 461 (Iowa 2022) ("If [the defendant] relied on constitutionally deficient advice of counsel to plead guilty . . . , he can pursue relief in postconviction proceedings.").

Williams has failed to establish good cause. Accordingly, we dismiss his appeal.

**APPEAL DISMISSED.**