# IN THE COURT OF APPEALS OF IOWA

No. 18-1125
Filed May 1, 2019

**JOHN WINSTON LUSK,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Floyd County, Christopher Foy,
Judge.

John Lusk appeals the denial of his application for postconviction relief.
**AFFIRMED.**

Priscilla E. Forsyth, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney
General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Doyle, JJ.

**DOYLE, Judge.**

A jury found John Lusk guilty on two counts of second-degree sexual abuse. This court affirmed his convictions on direct appeal. *State v. Lusk*, No. 15-1294, 2016 WL 4384672, at *1 (Iowa Ct. App. Aug. 17, 2016). Lusk then filed an application for postconviction relief (PCR), which the district court denied. He appeals that ruling, arguing he received ineffective assistance from his PCR counsel.

We review Lusk's claims of ineffective assistance of PCR counsel de novo. *See Allison v. State*, 914 N.W.2d 866, 870 (Iowa 2018) ("[W]hen a PCR petitioner claims ineffective assistance of PCR counsel, our review is de novo."). Typically, to succeed on an ineffective-assistance claim, a PCR applicant must establish that counsel breached a duty and prejudice resulted, and the claim fails if either element is lacking. *See Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012). However, if counsel's representation is so deficient as to constitute a structural error, no showing of prejudice is required. *See Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011). That is because a structural error—an error that affects the framework of the legal proceeding—leads to a result that is "presumptively unreliable." *Id.* (citation omitted). In other words, when structural error occurs, the prejudice showing is not required because "such an analysis 'would be a speculative inquiry into what might have occurred in an alternate universe.'" *Id.* (citation omitted). Examples of structural error include counsel's failure to file an appeal against the defendant's wishes or to respond to a motion to dismiss a PCR application. *See id.* at 252-53.

Lusk asserts his PCR counsel committed structural error by failing to engage in "meaningful adversarial testing" of his claims. *Id.* at 252. He alleges his PCR counsel left him to present and explain his PCR claims on his own, "just asked questions and at times appeared to be defending trial counsel," and failed to investigate, test the expert witness's opinion, or obtain records to bolster his argument that the children's testimony was the product of undue influence.

In support of his structural-error claim, Lusk cites to *Williams v. State*, No. 17-0431, 2018 WL 1629910, at *5 (Iowa Apr. 4, 2018) (application for further review granted Oct. 10, 2018). There, we found PCR counsel committed structural error by failing to present any of Williams's claims and allowing them to be decided without a record or adversarial testing. *Williams*, 2018 WL 1629910, at *5. Similar to the allegations raised by Lusk, Williams's "PCR counsel was less than a zealous advocate in his examination of trial counsel" and "[h]is leading questions provided trial counsel with an excuse for her lack of trial preparation." *Id.* at *2. However, in *Williams*, PCR counsel's deficiencies extended far beyond the examination of trial counsel. *Id.* at *2. Although the PCR court instructed counsel to submit a written argument as to each of Williams's claims and the prejudice that resulted, his counsel "failed to argue how any of the alleged failures raised by Williams prejudiced him" and instead "wrote the legal standard for determining prejudice and then repeatedly informed the court to 'see authority issue 1.'" *Id.* at *3. Moreover, the record demonstrated that PCR counsel "did not investigate or even inquire" about Williams's claims, with PCR counsel writing in response to one issue, "I really have no clue whatsoever what Troy was talking about or how any of that was relevant or material to his criminal trial or this postconviction case." *Id.*

In response to another, PCR counsel "actually ma[de] the State's argument" by pointing out how the strategy Williams's sought "could have seriously backfired." *Id.* PCR counsel also made "a number of incorrect, misleading statements" that would have been discovered "[i]f PCR counsel had read the trial transcript." *Id.* at *4.

In contrast to the concrete examples of PCR counsel's failure to prosecute claims presented in *Williams*, the examples Lusk provides of his PCR counsel failing to advocate his position zealously are subject to interpretation. A close reading of the transcript does not show counsel undermined Lusk's claims. Although counsel did not provide sufficient evidence for Lusks's PCR claims to succeed, we cannot say whether that was a result of deficient representation or whether the evidence in question simply does not exist. In such cases, we ordinarily require further proceedings to allow development of the record. *See State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006) (noting that we ordinarily prefer to reserve questions of ineffective assistance of counsel for PCR proceedings).

Lusk argues that even if counsel's representation did not rise to the level of structural error, we can still find his PCR counsel was ineffective under a traditional ineffective-assistance analysis. Claiming prejudice is apparent, he asks us to reverse and remand to the PCR court to allow him to present his case. However, the proper mechanism for resolving claims of ineffective assistance of PCR counsel raised for the first time on appeal is for an applicant to file a separate PCR application in the district court. *See Goode v. State*, 920 N.W.2d 520, 526-27 (Iowa 2018). Because his first PCR action was timely, a second application raising

claims of ineffective assistance of PCR counsel will be timely if promptly filed following this appeal. *See id.* at 526 (citing *Allison*, 914 N.W.2d at 891).

We affirm the denial of Lusk's PCR application.

**AFFIRMED.**