# IN THE COURT OF APPEALS OF IOWA

No. 20-1259
Filed December 15, 2021


**RANDY MITCHELL COPENHAVER,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____


Appeal from the Iowa District Court for Linn County, Fae Hoover Grinde, Judge.


Randy Copenhaver appeals the denial of his application for postconviction relief. **AFFIRMED.**



Fred Stiefel, Victor, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum (until withdrawal) and Kevin Cmelik, Assistant Attorneys General, for appellee State.



Considered by Mullins, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

Randy Copenhaver appeals from the denial of his application for postconviction relief (PCR). On appeal, he claims his trial counsel was ineffective for failing to move for dismissal based on a speedy-trial violation. We affirm.

We review ineffective-assistance claims de novo. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). To prevail on his ineffective-assistance-of-counsel claim, Copenhaver "must demonstrate '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011) (citation omitted). "Both elements must be proven by a preponderance of the evidence." *Ledezema v. State*, 626 N.W.2d 134, 142 (Iowa 2001). "Counsel, of course, does not provide ineffective assistance if the underlying claim is meritless." *State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015).

Copenhaver claims his trial counsel should have moved for dismissal due to a speedy-trial violation. Iowa Rule Criminal Procedure 2.33(2)(b) provides, "If a defendant indicted for a public offense has not waived the defendant's right to speedy trial the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown." "Under this rule, a criminal charge must be dismissed if the trial does not commence within ninety days from the filing of the charging instrument 'unless the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or (3) "good cause" for the delay.'" *State v. Winters*, 690 N.W.2d 903, 908 (Iowa 2005) (citation omitted). And in instances where a defendant waives speedy trial and then withdraws that waiver, "the defendant must

be tried within ninety days from the date of the withdrawal unless good cause to the contrary be shown." *State v Hamilton*, 309 N.W.2d 471, 475 (Iowa 1981).

The PCR court summarized the relevant timeline in the underlying criminal proceeding as follows:

> The trial information in this case was filed on March 2, 2010. On the same date, the district court entered an order setting the case for trial, noting that speedy trial was not waived. On March 15, 2010 Mr. Copenhaver moved the court by written motion to appoint new counsel. On March 24, 2010 the court appointed a new attorney to represent Mr. Copenhaver. On April 30, 2010 Mr. Copenhaver's attorney filed a written waiver of right to speedy trial signed by Mr. Copenhaver. On May 12 and May 26, 2010 Mr. Copenhaver again moved the court in writing to appoint new counsel. On June 10, 2010 the district court entered an order noting that Mr. Copenhaver withdrew his request for new counsel. On June 11, 2010 Mr. Copenhaver moved to continue the trial date. Mr. Copenhaver reasserted his right to speedy trial on June 16, 2010. The district court rescheduled the trial for August 23, 2010 and set a pretrial conference for August 12, 2010. On July 23, 2010 Mr. Copenhaver filed a notice he would take discovery depositions. On August 13, 2010, the court rescheduled the trial [for October 18, 2010 and the pretrial conference] for October 7, 2010, on Mr. Copenhaver's motion. On October 8, 2010 the court again reset the pretrial conference and trial dates for January 13 and 24, 2011, respectively.

Copenhaver focuses on the August 13, 2010 order rescheduling trial. He claims (1) the order was not actually on his motion; so it cannot be used as a waiver of speedy trial and (2) by October, the speedy-trial deadline had passed because he reasserted his speedy-trial rights on June 16, creating a September 14 deadline. So he claims counsel was ineffective for failing to file a motion to dismiss.

We disagree.  The August 13 order contained the following notations:

These notations plainly show that trial was reset on Copenhaver's motion.
They also show Copenhaver was waiving his speedy-trial right.  Because of our
presumption of regularity, we presume the court's notations were correct.  *See,
e.g., Cass Cnty. v. Audubon Cnty.*, 266 N.W. 293, 296 (Iowa 1936) (noting "the
presumption that the action of the court was regular and lawful in all respects").
And Copenhaver has failed to rebut that presumption: At the PCR hearing, he
presented no evidence to show that (1) he did not actually move to reset trial or
(2) he did not waive his speedy-trial right at the August pretrial hearing.  So we
conclude the August 13 order was correct; Copenhaver waived his right to speedy
trial; and the delay in trial was attributable to Copenhaver.  This means that any
motion to dismiss for a speedy-trial violation would have been meritless.  And we
will not find counsel was ineffective for failing to pursue a meritless motion.  *See
Halverson*, 857 N.W.2d at 635.

**AFFIRMED.**