# IN THE COURT OF APPEALS OF IOWA

No. 22-1714
Filed December 20, 2023

**ANDRE LETROY ANTWAN HARRINGTON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.

The applicant appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Karmen R. Anderson, Des Moines, for appellant.

Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney

General, for appellee State.

Considered by Tabor, P.J., Greer, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**POTTERFIELD, Senior Judge.**

After being convicted of second-degree robbery,[1] Andre Harrington applied for postconviction relief (PCR), alleging he received ineffective assistance from trial counsel. The district court denied Harrington's application. On appeal, Harrington reiterates his claims of ineffective assistance regarding trial counsel's failure to plead an affirmative defense and to object to his shackling in front of the jury during trial.

**I. Background Facts and Proceedings.**

In 2013, Harrington was charged with second-degree robbery. He pled not guilty, and the case was tried to a jury.

At trial, the State introduced evidence that Harrington entered a store with the intention to steal a number of items. Video footage from the store's security cameras showed Harrington putting several items in a cart—$892 worth—before pushing the cart out of the store without any attempt to stop and pay. Multiple store employees approached Harrington as he exited the store, and Harrington punched one—store manager Brian Drechney—in the face, causing him to fall to the ground. Leaving the merchandise behind, Harrington fled the store on foot before being apprehended by a police officer soon after. Harrington testified at trial; he admitted he entered the store with the intent to take items without paying. He also admitted to hitting[2] Drechney, testifying he did so because he was grabbed

---

[1] Harrington was sentenced as an habitual offender.

[2] Specifically, when asked about punching Drechney, Harrington testified:

> It wasn't a punch. It was more of a muff, if you could see it, I mean. If you look at the camera, it's obvious to say that—I mean, he was down to the ground, so you don't really know whether or not it was a punch or a muff. . . . I mean, you can smack a person and hit

by the neck, did not know who was grabbing him, and panicked once he believed he was being assaulted.

The jury was instructed that Harrington was guilty of second-degree robbery if the State proved:

> 1. On or about the 4th day of December, 2013, the defendant, Andre Harrington had the specific intent to commit a theft.
> 2. In carrying out his intention or to assist him in escaping from the scene, with or without the stolen property, the defendant committed an assault on Brian Drechney.

The jury found Harrington guilty as charged.[3]

Harrington filed his application for PCR in 2021. He alleged he received ineffective assistance from trial counsel. As relevant here, Harrington asserted trial counsel provided ineffective assistance by failing to (1) provide notice Harrington intended to rely on self-defense as a justification for his action and to

---

them to the ground, but that doesn't mean that you punched a person.

[3] As our supreme court explained in the rest of the proceedings:

> Outside the presence of the jury, the district court asked Harrington if he wanted to stipulate to the two prior felony convictions in support of the habitual offender enhancement or if he wanted the issue decided by the jury. Harrington acknowledged the two prior felony convictions, but expressed his desire for the matter to be decided by the jury. After a spirited colloquy, the district court accepted Harrington's admission to the prior felonies and concluded no jury determination was needed because Harrington admitted to the prior convictions. During the colloquy, Harrington was informed that his admission meant he was no longer entitled to a trial.
> The district court subsequently sentenced Harrington for the crime of robbery in the second degree as a habitual offender. He was sentenced to fifteen years in prison, with a mandatory minimum period of incarceration of seventy percent before eligibility for parole.

*State v. Harrington*, 893 N.W.2d 36, 40–41 (Iowa 2017). Harrington appealed and, while affirming his conviction for second-degree robbery, our supreme court reversed the district court's ruling as it applied to Harrington's status as an habitual offender and remanded the case. After two additional trials—the first resulted in a mistrial—it was determined the habitual offender enhancement applied.

request a jury instruction on it and (2) object to Harrington being shackled in view of the jury at trial.

The district court denied Harrington's application, concluding Harrington failed to establish prejudice.

Harrington appeals.

## II. Standard of Review.

The Sixth Amendment to the United States Constitution guarantees defendants the right to effective assistance of trial counsel. *State v. Senn*, 882 N.W.2d 1, 16 (Iowa 2016). So when an applicant asserts they received ineffective assistance from trial counsel, their PCR claim is constitutional in nature, and we review de novo. *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011).

## III. Discussion.

"[A]ll [PCR] applicants who seek relief as a consequence of ineffective assistance of counsel must establish counsel breached a duty and prejudice resulted." *Castro v. State*, 795 N.W.2d 789, 794 (Iowa 2011). "We start with the presumption that the attorney performed competently and proceed to an individualized fact-based analysis." *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012). "[C]ounsel has no duty to raise an issue that has no merit." *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009). And "[e]ven if [the applicant] can show his counsel made a professionally unreasonable error, the judgment shall not be set aside unless it can be shown the error had an effect on the judgment." *Lamasters*, 821 N.W.2d at 866. "We may affirm the district court's rejection of an ineffective-assistance-of-counsel claim if either element is lacking." *Id.* (citation omitted).

**Self-Defense.** First, we consider whether Harrington's trial counsel had a duty to file a notice of self-defense and request that the jury be instructed on it. *See* Iowa Code § 704.3 (2013) ("A person is justified in the use of reasonable force when the person reasonably believes that such force is necessary to defend oneself or another from any actual or imminent use of unlawful force."). Harrington maintains he was justified in striking Drechney because, at the time he did so, he did not realize Drechney was a store employee trying to stop him from leaving with the merchandise.

But as the State argues, under the facts of Harrington's case, Harrington was disqualified from asserting justification so trial counsel had no duty to raise the issue. While a person can be justified in using reasonable force against another, the fact that Harrington was engaged in the illegal act of theft at the time he hit Drechney made the defense unavailable to him. *See id.* §§ 704.3 (providing justification defense), .6(3) (providing the defense of justification is not available— absent some exceptions not present here—for a defendant "who initially provokes the use of force against oneself by one's unlawful acts"); *cf. See State v. Lorenzo Baltazar*, 935 N.W.2d 862, 871 (Iowa 2019) ("We conclude the record established Baltazar engaged in an illegal activity that disqualified him from asserting his justification."). Trial counsel did not breach a duty by not raising the issue of self-defense; this claim of ineffective assistance fails.

**Shackles.** Harrington maintains he was shackled in front of the jury during his trial; he suggests this is inherently prejudicial so he should get a new trial.

We note that Harrington had three separate trials—his first, in which a jury found Harrington guilty of second-degree robbery and the court wrongly accepted

Harrington's admission of previous crimes to impose the habitual offender enhancement; his second, which occurred on remand from the supreme court for the purpose of determining whether the habitual offender enhancement applied but ended in a mistrial; and a third, where the jury concluded it was Harrington who committed the previous eligible offenses to trigger the enhancement. Harrington does not specify in which of the three trials he was shackled. And he pointed to no spot in the record of those three trials that corroborates his claim of shackling. When asked at the PCR trial, his trial counsel—who was the same for all three trials—did not recall whether Harrington was shackled. Still, the PCR court seemed to accept as fact Harrington's testimony that he appeared in front of the jury with visible leg shackles.

Assuming Harrington was shackled before the jury, Harrington still has the burden to prove he was prejudiced to establish his claim of ineffective assistance. *See Johnson v. State*, No. 15-0776, 2016 WL 4803734, at *2 (Iowa Ct. App. Sept. 14, 2016) (requiring applicant to establish prejudice to succeed on a claim of ineffective assistance where trial counsel "allowed" defendant to be shackled in the jury's view during the underlying trial). Harrington cites to *State v. Wilson* for the proposition that it is inherently prejudicial for a defendant to appear in shackles in front of the jury. 406 N.W.2d 442, 449 (Iowa 1987). But *Wilson* does not involve a claim of ineffective assistance, and it does not stand for the proposition that it is structural error for the jury to see a defendant in shackles. *See id.* at 448–50. In fact, in *Wilson*, the supreme court recognized there are instances when "shackling a defendant may be justified despite the fact that some prejudice will occur" before

ultimately concluding the shackling of the defendant did not deny him the right to a fair trial. *Id.* at 449, 450.

Here, Harrington does not attempt to establish prejudice. And, even if he had, the evidence of his guilt is overwhelming. During his trial testimony, Harrington admitted that he intended to steal items from the store and that he hit Drechney; the security video admitted at trial showed Harrington hitting Drechney when he tried to apprehend Harrington leaving the store. Because Harrington failed to establish prejudice, his claim of ineffective assistance fails. *See State v. Parker*, 747 N.W.2d 196, 211 (Iowa 2008) (concluding the defendant could not establish prejudice where evidence of guilt was overwhelming).

We affirm the denial of Harrington's PCR application.

**AFFIRMED.**