# IN THE COURT OF APPEALS OF IOWA

No. 23-0028
Filed February 7, 2024

**DAVID DESHAWN BRADFORD,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

The applicant appeals the dismissal of his third application for postconviction relief. **AFFIRMED.**

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., and Ahlers and Buller, JJ.

**GREER, Presiding Judge.**

This appeal concerns David Bradford's third application for postconviction relief (PCR) following his 2005 conviction for possession of a controlled substance with intent to deliver, second offense, as a habitual offender, in violation of Iowa Code sections 124.401(1)(a), 124.411, 902.8, and 902.9 (2004), a class "C" felony.[1]  *See State v. Bradford* (*Bradford I*), No. 05-0778, 2006 WL 1229930, at *1–2 (Iowa Ct. App. Apr. 26, 2006) (affirming the conviction and sentence on direct appeal but preserving Bradford's ineffective-assistance-of-counsel claims for PCR proceedings); *Bradford v. State (Bradford II)*, No. 15-0811, 2016 WL 7403701, at *1–2 (Iowa Ct. App. Dec. 21, 2016) (addressing the ineffective-assistance-of-counsel claims and affirming the denial of Bradford's first PCR application); *Bradford v. State* (*Bradford III*), No. 20-1010, 2021 WL 4889232, at *1 (Iowa Ct. App. Oct. 20, 2021) (affirming the dismissal of Bradford's second PCR application as untimely).  Procedendo issued following our opinion in Bradford's direct appeal in May 2006.

Bradford filed this third PCR application in April 2022.  Nearly two decades after his conviction, Bradford returns to the claim from his first PCR application that his trial counsel was ineffective during plea negotiations.[2]  *Bradford II*, 2016 WL 7403701, at *2 (not considering Bradford's claim concerning the plea offer, as it

---

[1] Bradford was sentenced to a term of imprisonment of forty-five years.

[2] Bradford also raised a claim that the prosecutor committed perjury in the trial of the first PCR case by arguing Bradford was never offered a plea bargain.  We note this exact argument was made in the second PCR case.  And although Bradford argued this again before the third PCR court, there was no ruling on that issue and Bradford did not file a motion to enlarge the findings.  Thus, the issue is not preserved for our review.  *See Sandoval v. State*, 975 N.W.2d 434, 438 (Iowa 2022).

was not addressed by the PCR court). The State moved to dismiss the application in June 2022. After a hearing, the PCR court dismissed the application in November 2022. In doing so, it wrote "that the issue concerning ineffective assistance of counsel during plea negotiations was adequately raised as a ground for relief in a prior proceeding . . . . [A]sserting the allegation of error in this case as a newly discovered ground for relief is simply a rebranding . . . ."

We review PCR proceedings for correction of errors at law. *Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020). "[W]e will affirm if the [PCR] court's findings of fact are supported by substantial evidence and the law was correctly applied." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). We review ineffective-assistance-of-counsel claims de novo. *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2001).

Returning to a claim advanced in the first PCR application, Bradford asserts "his trial counsel failed to accurately advise him about the plea offer and on his maximum sentence." He contends that his claims trial counsel and previous PCR counsel provided ineffective assistance were never decided and, as such, this claim involves "newly discovered evidence" and should be considered a "free-standing claim." Bradford agrees that the statute of limitations for seeking PCR expired in May 2009—three years after procedendo issued following his direct appeal—but argues his claim was not discovered until 2016 when our court ruled his claim was not decided by the district court.[3] *See* Iowa Code § 822.3 (2022) ("[A]pplications must be filed within three years from the date the conviction or

---

[3] Bradford actually argued the date was 2015; we choose to use the correct date but understand what his argument is.

decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."). This three-year statute of limitations applies to subsequent PCR actions, including those alleging ineffective assistance of counsel. *Id.* ("An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods."); *see also Sandoval*, 975 N.W.2d at 437 (finding that a fourth PCR application alleging ineffective assistance of counsel filed after the 2019 amendment to section 822.3 was outside the three-year statute of limitations and thus was time-barred). But the State drew the PCR court's attention to the last ruling by a panel of our court and urged that Bradford's opportunity to address his plea negotiation complaint is over as there is "nothing further that hasn't been already litigated or presented to the court in this case." *See Bradford III*, 2021 WL 4889232, at *1.

However, Bradford claims that because he raised the issue of ineffective assistance of counsel in his first, timely PCR action and because he now raises a claim against his PCR counsel for failing to advance his freestanding argument, the current PCR application is not time-barred. But, in *Bradford II*, we explicitly found that because the first PCR court did not address the ineffective-assistance-of-counsel claim related to plea negotiations, the claim was not preserved for our review. 2016 WL 7403701, at *2 (citing *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.")). And Bradford did not file an Iowa Rule of Civil Procedure 1.904

motion to enlarge the findings from the first PCR ruling to seek a ruling on the plea negotiation claim.

Finally, after addressing the failure to provide effective counsel over the plea negotiation issue in the second PCR claim, a panel of our court shut the door on Bradford's attempt to circumvent the three-year time bar. *See Bradford III,* 2021 WL 4889232, at *1 (finding second PCR application, filed sixteen months after procedendo issued in the first PCR action, was not filed "promptly" and was time-barred). Without any showing of a new ground of fact not previously known to extend the statute of limitations in this third PCR filing, Bradford's claim cannot survive the procedural hurdle of overcoming the statute of limitations. *See* Iowa Code § 822.3 (stating that "this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period"). The burden is on Bradford to demonstrate that he could not have discovered the ground of fact or law earlier in the exercise of due diligence. *Schmidt v. State*, 909 N.W.2d 778, 799 (Iowa 2018). And here, Bradford raised these same allegations in his earlier PCR actions or would have known of his claims related to ineffective assistance of trial counsel at the time of the first PCR hearing, and certainly at the time of the second PCR filing would have known about any ineffective assistance by both trial and PCR counsel. *See* Iowa Code § 822.8; *Wycoff v. State*, No. 21-0302, 2022 WL 2160448, at *3 (Iowa Ct. App. June 15, 2022) (relying on the fact that Wycoff had brought the same claims in previous proceedings to find "claims do not present a ground of fact or law that could not have been presented within section 822.3's three-year period"); *see also Clark v. State*, 955 N.W.2d 459, 464 (Iowa 2021)

(noting the doctrine of "[i]ssue preclusion prevents parties from relitigating issues already raised and resolved in a prior action").

Thus, finding no exception to the application of the statute of limitations in section 822.3 applicable here, we conclude Bradford's claims are time-barred. We affirm the PCR court's dismissal of this third PCR application.

**AFFIRMED.**