# IN THE COURT OF APPEALS OF IOWA

No. 24-0190
Filed March 19, 2025

**NEAL CYMONE JOHNSON,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Linn County, Patrick R. Grady,

Judge.

     An applicant appeals the denial of postconviction relief.  **AFFIRMED.**

     John J. Bishop, Cedar Rapids, for appellant.

     Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee State.

     Considered by Greer, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

A jury found Neal Johnson guilty of a sexually motivated second-degree burglary, and we affirmed his conviction on direct appeal. *See State v. Johnson*, No. 19-2039, 2020 WL 5650602, at *3 (Iowa Ct. App. Sept. 23, 2020). He applied for postconviction relief, and the district court denied his application following a contested bench trial. Johnson appeals, claiming there was a "structural error" in his criminal trial because counsel advised him not to testify.

As we recently explained,

> Iowa and federal law recognize three narrow scenarios in which a "structural error" occurs: (1) when "counsel is completely denied, actually or constructively, at a crucial stage of the proceeding"; (2) when "counsel does not place the prosecution's case against meaningful adversarial testing"; or (3) when "surrounding circumstances justify a presumption of ineffectiveness," like when "counsel has an actual conflict of interest in jointly representing multiple defendants."

*Wright v. State*, No. 23-0101, 2024 WL 3050514, at *1 (Iowa Ct. App. June 19, 2024) (quoting *Lado v. State*, 804 N.W.2d 248, 251–52 (Iowa 2011)). Johnson's brief does not cite any legal authority from which we could reasonably find in his favor without undertaking his research and advocacy for him. *See Ronnfeldt v. Shelby Cnty. Chris A. Myrtue Mem'l Hosp.*, 984 N.W.2d 418, 421 (Iowa 2023) ("We generally will not do a party's work for them, particularly if that requires us to assume a partisan role and undertake the party's research and advocacy." (cleaned up)). So we summarily reject his structural-error claim.

The case Johnson relies on in the briefing is *Ledezma v. State*, 626 N.W.2d 134, 147 (Iowa 2001). But *Ledezma* is not a structural-error case—it employs the traditional *Strickland* ineffective-assistance analysis, requiring proof counsel

breached an essential duty and that, absent breach, there would be a reasonable probability of a different outcome at trial. *Id.* at 142–44 (discussing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Johnson does not meaningfully address either prong of *Strickland*—breach or prejudice—in his appellate brief. We could also summarily reject this claim. But, assuming without deciding such a claim is before us, we briefly explore the merits.

At his postconviction trial, Johnson recalled that he and his criminal-trial counsel talked about him testifying on two or three occasions, during which they discussed the "pros and cons." He remembered counsel explained that, due to Johnson's issues with memory because of a head injury, he could get himself into "trouble" when questioned. Johnson's trial attorney agreed the head injury was an issue but testified that his larger concern was Johnson's criminal history, which included facts that were similar or identical to the charges Johnson faced at trial. Johnson's attorney thought there was "an extremely good if not extremely likely chance" those prior convictions would come into evidence if Johnson testified, and he advised Johnson accordingly. We find Johnson's attorney provided competent advice and that Johnson failed to establish a reasonable probability he would have been acquitted if he testified. *See id.* at 147 ("Generally, the advice provided by counsel [about a defendant testifying] is a matter of trial strategy and will not support a claim of ineffective assistance absent exceptional circumstances.").

**AFFIRMED.**