# IN THE COURT OF APPEALS OF IOWA

No. 24-1142
Filed August 6, 2025

**DAVID POWELL JR.,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Colleen Weiland, Judge.

A postconviction-relief applicant appeals the district court's order denying his application. **AFFIRMED.**

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**AHLERS, Presiding Judge.**

David Powell, Jr. pleaded guilty to burglary in the third degree, received a suspended five-year prison sentence, and was placed on probation. The State later filed an application to revoke Powell's probation based on allegations that Powell had violated the terms of his probation in numerous ways.

A probation-revocation hearing was held on the reported violations. The district court found that Powell violated numerous terms of probation, including committing the crime of false imprisonment and five counts of violating a no-contact order—all of which Powell pleaded guilty to having committed while on probation. As a result, the court revoked his probation and imposed the previously suspended prison sentence.

Powell filed an application for postconviction relief (PCR). He alleged counsel in his probation-revocation proceedings was ineffective because counsel did not meet with Powell before the probation-revocation hearing. The PCR court denied the application, concluding that Powell had not met his burden to show he was prejudiced by counsel's performance.

Powell appeals. He contends the district court erred by denying his PCR application even though he received ineffective assistance of probation-revocation counsel. In the alternative, he contends that, if this court also finds that he failed to prove that his probation-revocation counsel was ineffective, it is only because of ineffective assistance of his PCR trial counsel.

## I.     Standard and Scope of Review

We typically review an order denying a PCR application for corrections of errors at law. *Krogmann v. State*, 914 N.W.2d 293, 306 (Iowa 2018). However,

because a claim of ineffective assistance of counsel raises a constitutional issue, our review is de novo.  *Id.*

To prevail on a claim of ineffective assistance of counsel, Powell must establish that counsel failed to perform an essential duty and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).  Both elements must be proven, so it is not always necessary to address both.  *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) ("If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently.").

## II.     Discussion

Like the district court, we will assume without deciding that Powell's probation-revocation counsel breached an essential duty by failing to meet with Powell prior to the contested probation-revocation hearing and decide the issue on the prejudice prong.  As to the prejudice prong, Powell requests the adoption of a bright-line rule that presumes prejudice when an attorney proceeds to a probation-revocation hearing without first consulting with the client.

Powell cites no legal authority to support the adoption of such a bright-line rule.  A review of existing authority shows that our supreme court has only presumed prejudice in limited and exceptional circumstances such as instances of structural error.  *See, e.g.*, *Krogmann*, 914 N.W.2d at 324 (finding structural error when the State unlawfully interfered with the defendant's right to be "master of his own defense" and counsel failed to object); *Lado v. State*, 804 N.W.2d 248, 253 (Iowa 2011) (finding structural error when the party was constructively without counsel).  Those circumstances do not exist here, so we do not presume prejudice

based on any existing authority.[1]  Powell bears the burden of establishing prejudice.  *See State v. Doolin*, 942 N.W.2d 500, 507 (Iowa 2020) (placing burden on the claimant to prove prejudice).

The PCR court denied Powell's application after concluding that, even if his probation-revocation attorney had prepared more thoroughly, the outcome of the probation-revocation hearing would not have changed.  Powell argues that the court's reasoning failed to consider what additional evidence might have been presented to change the outcome.  But the court addressed this very same argument in its explanation for denying relief on the prejudice prong:

> Powell asserts that if he had the chance to prepare and produce additional evidence, the court would have given him time served in the county jail, i.e., a contempt penalty.  But he did not offer much in the way of what the evidence would have been.  That Powell had not had any significant violations in the one year and eight months prior was made known to the court.  That he worked throughout much of his probation was also made known to the court.  The court might not have known that Powell could have returned to that job, but it is purely speculative whether that factor would have outweighed the significant factors that supported revocation of probation, those being a conviction for false imprisonment while on probation and a guilty plea to five no contact order violations while on probation.

Despite the court's findings, Powell again argues that if his probation-revocation counsel had met with him before the hearing, counsel would have learned that he previously succeeded in a halfway house and could return to his

---

[1] Even if we were to consider whether to adopt the bright-line rule proposed by Powell rather than relying on the supreme court to do so, we deny Powell's invitation.  Whether prejudice results from counsel's alleged failure to perform an essential duty is a case-specific, fact-intensive inquiry not amenable to a bright-line rule.  While meeting with the client in advance of a probation-revocation hearing may certainly be the best practice, we can imagine scenarios in which failure to do so does not result in a less favorable outcome.

employment. He maintains that this evidence would have supported a disposition other than imposition of the original sentence. Yet, the record shows that counsel did present the information and arguments Powell claims would have changed the outcome. Counsel cross-examined the probation officer, highlighted Powell's prior compliance with probation, and informed the court of Powell's employment history and the employer's willingness to rehire him.

Nevertheless, Powell asserts that had counsel prepared adequately he could have identified additional witnesses or documents for the court's consideration. He speculates that evidence from family, friends, a previous probation officer, or coworker could have offered the court a better understanding of his circumstances. Powell also suggests that counsel could have presented documentation of passed drug tests or provided clarity regarding the charges he was facing and those to which he pleaded guilty while on probation. But again, Powell fails to identify with any specificity what this proposed evidence would have been or how it could have altered the outcome. Speculation is not sufficient to establish prejudice. *See Trickel v. State*, No. 19-1656, 2021 WL 616147, at *2 (Iowa Ct. App. Feb. 17, 2021). Under *Strickland v. Washington*, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Following our de novo review, we agree with the district court that Powell has not met that burden.

Powell alternatively argues that his failure to establish prejudice is the result of his PCR trial counsel's ineffectiveness in failing to present the evidence Powell

claims should have been introduced.[2]  But the record is inadequate to address Powell's claim of ineffective assistance of PCR trial counsel at this stage.  *See Freese v. State*, No. 23-0139, 2024 WL 2842312, at *2 (Iowa Ct. App. June 5, 2024) (refusing to address a claim of ineffective assistance of PCR trial counsel for the first time on appeal after noting that the record does not answer the questions, "Is the lack of evidence supporting Freese's claims a result of some failure by PCR [trial] counsel?  Or is it because no such evidence exists?").  As such, the proper procedure for resolving Powell's claim of ineffective assistance of PCR trial counsel is to file a separate PCR application in the district court.  *See Goode*, 920 N.W.2d at 526–27.

### III.     Conclusion

For these reasons, we affirm the PCR court's denial of Powell's application.

**AFFIRMED.**

---

[2] There is an exception to our rules of error preservation when a PCR applicant claims that PCR trial counsel provided ineffective assistance.  *Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018).  But we may only address those claims when the record below is sufficient to do so.  *Id.*