# IN THE COURT OF APPEALS OF IOWA

No. 24-0193
Filed August 20, 2025

**JEREMY DALE LAWSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Wapello County, Crystal S. Cronk, Judge.

Jeremy Dale Lawson appeals the denial of his application for postconviction relief. **AFFIRMED.**

Thomas M. McIntee, Williamsburg, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered without oral arguments by Greer, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Jeremy Dale Lawson appeals the denial of his application for postconviction relief (PCR), alleging his PCR counsel was ineffective. Upon our review, we affirm the dismissal of his PCR proceedings.

## I.   *Background Facts and Proceedings.*

This PCR petition arises from an incident occurring back in 1999 after Lawson "obtain[ed] approximately $8000 from [the victim] by deception" and pleaded guilty to second-degree theft. Over two decades later, Lawson sent a handwritten letter to the court, expressing his desire to apply for PCR and requesting counsel. The court directed Lawson to the proper forms and methods for filing a PCR application. Lawson then applied for PCR using the correct forms, alleging a lack of factual basis, actual innocence, and ineffective assistance of counsel. The court responded, stating that Lawson's PCR application did not comply with proper procedure because (1) the application omitted pertinent information, such as the conviction date and case number, and (2) the application was untimely based on the applicable statute of limitations. *See* Iowa R. Crim. P. 2.37—Form 7 (listing required information); Iowa Code § 822.3 (2023) (outlining a three-year limitations period from the date of conviction for certain postconviction claims). While Lawson corrected the missing information, he did not provide any substantive argument for the application's timeliness and instead requested counsel, which the court provided.

Two months after the court appointed Lawson counsel, Lawson requested substitute counsel, alleging his PCR counsel "has not had any communication with [him] in this case." The court scheduled a hearing on the motion, but the record is

unclear on whether the hearing took place. In any case, in November 2023, the court entered an order stating that Lawson's factual-basis and ineffective-assistance claims were outside the statute of limitations and that the court intended to dismiss Lawson's entire application. But it permitted Lawson "the opportunity to reply to the proposed dismissal" within a one-month deadline.

Lawson's counsel filed the following resistance after the court's deadline, which we include in its entirety:

> 1. Defendant filed post-conviction relief proceedings regarding Wapello County Case No. FECR005927. Defendant plead guilty on or about August 30, 2000.
> 2. Defendant asserts his actual innocence. Defendant's claim to actual innocence is not limited by the statute of limitations found in Iowa Code § 822.3.
> WHEREFORE, the undersigned respectfully requests that the Court deny any dismissal of the above cause of action.

Two days later, the court dismissed Lawson's PCR as untimely. Lawson appeals.

## II. Review.

We generally review postconviction proceedings for correction of errors at law and constitutional challenges in postconviction proceedings de novo. *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011). While postconviction applicants have a statutory, not constitutional, right to effective assistance of counsel, "we still apply a de novo review." *Id.*

## III. Discussion.

To analyze ineffective-assistance-of-counsel claims, we generally use a two-prong test where an applicant must prove: "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Id.* at 251 (citation omitted). But when counsel commits a structural error which "affect[s] the

framework within which the trial proceeds," the criminal adversary process is "presumptively unreliable," and we do not require the applicant to establish prejudice. *Id.* at 252 (citations omitted). "[S]tructural error occurs when: (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness . . . ." *Id.* Lawson's challenge focuses on the first circumstance.

Upon our review of the record, we do not find that Lawson's counsel was "so objectively lacking as to cause a structural error." *See Harkless v. State*, No. 16-2082, 2017 WL 6513966, at *2 (Iowa Ct. App. Dec. 20, 2017). Lawson contends that his counsel failed to adequately resist dismissal of the proceedings, but his counsel had no basis to challenge dismissal of the time-barred claims. *See Ruiz v. State*, 18 N.W.3d 453, 458–59 (Iowa 2025) (affirming PCR dismissal because the claims were time-barred and therefore "meritless"). As for the actual-innocence argument, Lawson neither establishes structural error nor prejudice. Lawson identifies "no *meritorious* claim that PCR counsel should have raised or raised more effectively"; instead, he vaguely reasserts that he is actually innocent without providing any additional facts to support this claim, how he discovered those facts, or what took place during the proceedings to deprive him of counsel. *See Harkless*, 2017 WL 6513966, at *2; *accord Ruiz,* 18 N.W.3d at 459 (requiring a PCR applicant to develop "new facts that were previously unavailable" to prevent dismissal of his actual-innocence claim). While Lawson admonishes his counsel for failing to resist dismissal of the proceedings before the

court-imposed deadline, Lawson provides no evidence that this was due to counsel's lack of diligence. And we do not speculate about counsel's performance or strategy, but we require PCR applicants to develop such arguments to establish structural error. *Ruiz*, 18 N.W.3d at 460. Instead, we find it more likely that Lawson's "counsel reviewed [the] case and found no basis upon which to sustain his claim." *See Harkless*, 2017 WL 6513966, at *2. We therefore do not find counsel's alleged failure to resist constitutes structural error but reflects the lack of merits in Lawson's application. *Compare Lado*, 841 N.W.2d at 252 (reversing dismissal for failure to prosecute after "counsel sat silent and did not respond"), *with Ruiz*, 18 N.W.3d at 458 (affirming dismissal for time-barred claims even after counsel failed to file any resistance).[1] Accordingly, we affirm dismissal of the proceedings.

## IV.     Disposition.

We affirm the PCR court's dismissal of Lawson's application.

**AFFIRMED.**

---

[1] The State also asks us to overrule or limit *Lado*. But as an intermediary court, "[w]e are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014); *accord Mapp v. State*, No. 14-1537, 2016 WL 146246, at *2 (Iowa Ct. App. Jan. 13, 2016) ("As a general rule, the task of materially altering substantive or procedural rights [under *Lado*] is best left to the Supreme Court of Iowa.").