# IN THE COURT OF APPEALS OF IOWA

No. 24-1962
Filed October 29, 2025

**JOSHUA DOUGLAS MCCORMICK,**
       Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
       Respondent-Appellee.
_____

       Appeal from the Iowa District Court for Linn County, Mark D. Fisher, Judge.


       An applicant appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**


       Raya Dimitrova of Carr Law Firm, P.L.C., for appellant.

       Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.


       Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

Joshua McCormick appeals the district court's denial of his petition for postconviction relief (PCR) alleging his counsel was ineffective in failing to move to suppress evidence and arguing that structural error existed because counsel failed to assist him during plea negotiations. We affirm the district court's denial of the petition.

## I.      Background Facts & Proceedings

Cedar Rapids law enforcement observed several vehicles at a storage facility where multiple burglaries had recently occurred. Law enforcement saw a silver Buick, occupied by McCormick, drive away from the facility and make an immediate turn into a gas station parking lot. As the Buick was parked, law enforcement ran the license plate and discovered the plate belonged to a different vehicle and its registration was expired. McCormick remained in the driver's seat of the Buick while at the gas station and then drove toward the exit of the parking lot after law enforcement drove around the building, out of sight of McCormick.

While observing McCormick drive out of the parking lot, law enforcement contacted a K-9 officer to assist in potentially inspecting the vehicle. Law enforcement stopped McCormick immediately after he left the lot and initiated contact with him. While one officer investigated the license plates, the K-9 officer removed McCormick from the vehicle before having the K-9 dog perform an open-air sniff around the perimeter of the vehicle. McCormick was detained and placed in handcuffs because of the possibility of an outstanding warrant.

While the officers were checking for warrants, the K-9 dog alerted law enforcement to the presence of narcotics in the vehicle, and the officers searched

the vehicle and its contents. Within a backpack in the backseat, a baggie was found which contained suspected methamphetamine along with a pipe. McCormick was subsequently charged with possession of a controlled substance and possession of drug paraphernalia.

Counsel was appointed to represent McCormick. McCormick later moved for new counsel, and the motion was granted. Subsequent counsel was appointed to represent McCormick. McCormick eventually pled guilty to possession of a controlled substance, third offense, and requested immediate sentencing. McCormick was sentenced to an indeterminate term of prison not to exceed five years, which was suspended. McCormick was placed on supervised probation.

McCormick then filed a timely application for PCR. He alleged his counsel was ineffective for failing to move to suppress evidence. In testimony at the PCR trial, it was explained that his first attorney missed the deadline to move to suppress and his second attorney could have requested leave of the court to file the motion. McCormick's second counsel testified that McCormick essentially worked out a plea agreement with the prosecutor by himself and counsel assisted with the paperwork afterward. The district court denied McCormick's PCR application, finding counsel was not ineffective and no structural error existed within the proceedings.

## II. Discussion

On appeal, McCormick asserts his counsel was ineffective for failure to move to suppress the evidence found within the vehicle. He alleges that counsel failed to conduct a reasonable investigation into the merits of a potential motion to

suppress by not reviewing the video of the incident and not deposing the officers involved.

We review challenges to PCR determinations based on ineffective assistance of counsel de novo, as these claims raise constitutional issues. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

To succeed on ineffective-assistance-of-counsel claims, "the applicant must demonstrate both ineffective assistance and prejudice." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The first prong, ineffective assistance, "must be proven by a preponderance of the evidence." *Id.* As for the second prong, prejudice, "the [applicant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the case]"). If an ineffective-assistance-of-counsel claim fails on either prong, "it can be decided on that ground alone." *Ledezma*, 626 N.W.2d at 142.

To establish counsel was ineffective as per the first prong, "the applicant must demonstrate the attorney performed below the standard demanded of a reasonably competent attorney." *Id.* The attorney's performance is measured "against prevailing professional norms." *Id.* (cleaned up). We presume that counsel performed their duties with competence, and "avoid second-guessing and hindsight." *Id.* These claims can be based on almost any inaction or action of counsel, including a failure to investigate. *Id.* Alleged inaction by counsel based on lack of diligence can establish ineffective assistance. *Id.* Counsel's mistakes

of judgment or miscalculated trial strategies generally do not establish ineffective assistance. *Id.* at 143. Concerning "less than complete investigations" by counsel, to be deemed effective assistance, the investigation "must be based on reasonable professional judgments which support the particular level of investigation conducted." *Id.*

After establishing the first prong, it must also be shown that counsel's errors caused prejudice to the applicant. *Id.* To establish this second prong, "the applicant must demonstrate 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). A probability which is "sufficient to undermine confidence in the outcome" qualifies as "a reasonable probability." *Id.* To "undermine confidence in the outcome," the applicant must show that absent counsel's errors, there is a reasonable probability "the fact finder would have had a reasonable doubt respecting guilt." *Id.*

A. Motion to Suppress

McCormick asserts his counsel was ineffective by not conducting a reasonable investigation into the case and consequently failing to move to suppress. McCormick testified at the PCR trial that his first attorney did not discuss the deadline for the motion and was instead interested in obtaining a plea. He also testified that his second attorney refused to move to suppress. McCormick asserts there was no reasonable investigation of his case by counsel because neither attorney deposed the officers involved, his second attorney testified that he could not remember if he reviewed the bodycam footage of the incident, and the minutes of testimony differed from McCormick's recollection.

The district court found that counsels' representation was within the range of competence and that a motion to suppress would have been meritless, thus there was no breach of an essential duty. *See State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015) (when an applicant alleges a breach of duty for failure to pursue a course of action, no duty exists when the action would be meritless). We agree.

First, law enforcement had probable cause to stop the vehicle because they observed traffic offenses, the outdated registration, and the nonconforming license plate. *See State v. Bauler*, 8 N.W.3d 892, 897 (Iowa 2024). Law enforcement also simultaneously acquired reasonable suspicion to further investigate the offenses. *See id.*

Second, although law enforcement may not unreasonably extend a traffic stop to allow a K-9 to sniff a vehicle, here the K-9 unit was already on scene at the time of the stop. *See State v. Arrieta*, 998 N.W.2d 617, 621 (Iowa 2023). The stop was not longer than necessary to effectuate the purpose of the investigation, as the K-9 worked while McCormick was detained so officers could investigate the outstanding warrant issue. *See id.* at 622–23 (noting "when complications arise while carrying out the original purposes of the stop, law enforcement may reasonably detain a driver for a longer duration")

Lastly, the positive alert from the K-9 indicating the presence of drugs in the vehicle established probable cause under the vehicle exception and permitted law enforcement to search the vehicle and containers within absent a warrant or consent. *See State v. Thompson*, No. 22-2015, 2024 WL 1295615, at *6 (Iowa Ct. App. Mar. 27, 2024); *see also State v. Stevens*, 970 N.W.2d 598, 602 (Iowa 2022)

(stating that "[g]enerally, a positive alert from a reliable drug dog establishes probable cause to search a vehicle, including containers"; "[t]he automobile exception allows officers to search a vehicle without a warrant if the officers have probable cause to believe the vehicle contains contraband.")

Accordingly, we affirm the district court's determination that McCormick's counsel was not ineffective in not moving to suppress evidence, as such motion was meritless. As we find McCormick has not demonstrated a breach of duty regarding the motion to suppress, we need not and do not address prejudice. *See Ledezma*, 626 N.W.2d at 142.

B. Structural Error

McCormick also claims that his second attorney's failure to assist him during plea negotiations amounted to structural error, rendering the proceedings unreliable and unfair.[1] As structural error implicates trial counsel's performance, it is a constitutional claim which we review de novo. *Bomgaars v. State*, 967 N.W.2d 41, 46 (Iowa 2021).

A structural error is one which "affect[s] the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Thongvanh v. State*, 938 N.W.2d 2, 13 (Iowa 2020) (quoting *Neder v. United States*, 527 U.S. 1, 8 (1999)). These types of errors contaminate the whole trial process and "necessarily render a trial fundamentally unfair." *Id.* (citation omitted). The existence of structural error makes the "criminal adversary process . . .

---

[1] The State asserts McCormick did not preserve the structural-error claim, as it was not raised in the PCR application or in counsel's PCR trial briefing. We choose to address this issue and decide the claim on the merits.

presumptively unreliable." *Id.* (cleaned up). Because of this presumptive unreliability, an applicant need not show prejudice, unlike an ineffective-assistance-of-counsel claim. *Id.* Structural error occurs when:

> (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011). If an applicant is successful in showing the existence of structural error, they are entitled to a new proceeding. *Id.*

Here, McCormick asserts there was structural error under the first element, arguing he was denied counsel during a critical phase of the proceedings because he negotiated a plea agreement with the State absent counsel. The plea negotiation process is a critical stage of the proceeding where the Sixth Amendment to counsel has attached. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

But the record belies McCormick's argument. There is no evidence that McCormick was actually or constructively denied counsel. *See Lado*, 804 N.W.2d at 253 (holding applicant was constructively denied counsel due to his attorney not responding to motions for summary judgment). Counsel testified that he was present within the courtroom when McCormick negotiated with an assistant county attorney and he assisted in the necessary plea paperwork. Counsel also testified that he would have advised against McCormick's decision if there was "something really substantial" which could affect his client. Ultimately, counsel determined it

was McCormick's decision on whether to accept a plea deal, and his duty was to advise him of potential consequences. *See Krogmann v. State*, 914 N.W.2d 293, 313 (Iowa 2018) (noting a defendant has the "right to be master of the defense"). And McCormick's signed written guilty plea asserted he "had sufficient opportunity to discuss my case with my attorney. I am satisfied with the services and advice of my attorney."

We affirm the district court in its determination that no structural error occurred.

**AFFIRMED.**