# IN THE COURT OF APPEALS OF IOWA

―――――――――

No. 24-1868
Filed January 28, 2026

―――――――――

**Terence Edward Manning Jr.,**
Applicant–Appellant,

v.

**State of Iowa,**
Defendant–Appellee.

―――――――――

Appeal from the Iowa District Court for Polk County,
The Honorable Scott D. Rosenberg, Judge.

―――――――――

**AFFIRMED**

―――――――――

Francis Hurley, Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney
General, attorneys for appellee.

―――――――――

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J.

1

**CHICCHELLY, Judge.**

Terence Manning Jr. appeals the district court's order denying his application for postconviction relief (PCR). He claims that his trial counsel was ineffective for seeking a competency evaluation that he alleges resulted in a violation of his speedy trial rights. Upon our review, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

Manning was convicted of willful injury causing serious injury after a jury trial. Our supreme court affirmed his conviction and sentence. *State v. Manning*, 26 N.W.3d 385, 388 (Iowa 2025). In a separate case, he pleaded guilty to domestic abuse assault. Prior to his convictions, Manning's trial counsel applied for a competency hearing and sought to withdraw due to a breakdown in the attorney-client relationship relating to competency concerns. The district court ordered an evaluation which ultimately concluded Manning was competent to stand trial.

Following his convictions, Manning filed two postconviction relief applications that the district court ultimately consolidated. Manning made several claims but raises only one on appeal. The district court denied Manning's applications finding Manning failed to provide sufficient evidence as to each claim. Manning now appeals.

## STANDARD OF REVIEW

We generally review PCR proceedings for correction of errors at law. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). But because ineffective assistance-of-counsel claims implicate constitutional issues, our review is de novo. *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Manning's sole argument on appeal is that his trial counsel was ineffective for seeking a competency hearing. To succeed on a claim of ineffective assistance of counsel, Manning must satisfy the two-prong test that (1) his counsel failed to perform an essential duty and (2) such failure prejudiced him. *State v. Majors*, 940 N.W.2d 372, 391 (Iowa 2020); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). For the first prong, "we begin with the presumption that the attorney performed competently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). To overcome this presumption, Manning must prove "counsel's representation [fell] below an objective standard of reasonableness." *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011) (quoting *Strickland*, 466 U.S. at 688). For the second prong, he "must prove 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). An applicant must prove "both ineffective assistance and prejudice," so we need not address both elements if one is not established. *Ledezma*, 626 N.W.2d at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.*

We must determine whether Manning's trial counsel failed to perform an essential duty when he sought a competency hearing. We conclude he did not. Iowa Code section 812.3(1) (2023) requires the district court to suspend proceedings if defense counsel "alleges specific facts showing that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense." Once proceedings are suspended, the district court shall determine if probable cause exists to sustain the allegations. Iowa Code § 812.3(1).

Trial counsel told the district court, "My primary concern is when confronted with the evidence that the State would present against him, I have felt that Mr. Manning's responses were somewhat nonlinear. Mr. Manning does not appear to appreciate what the actual evidence against him is." The district court then engaged in a lengthy colloquy with Manning and determined an evaluation was appropriate. In doing so the district court relied on trial counsel's grounds and "what I have seen with my interaction with you today is whether or not you can effectively assist in your defense and that's why the court is ordering the evaluation." We find trial counsel seeking an evaluation is a reasonable exercise of counsel's duty to ensure his client is competent to participate in the proceedings. *See Jasper v. State*, No. 16-2039, 2017 WL 6513603, at *2 (Iowa Ct. App. Dec. 20, 2017) ("A defendant may not be subjected to a criminal trial if his 'mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense.'" (citation omitted)).

It is a duty of trial counsel to move for an evaluation if counsel "has a good faith doubt as to the defendant's competence." *Criminal Justice Standards on Mental Health*, standard 7–4.3(c) (Am. Bar Ass'n 2016), available at https://perma.cc/64XT-5HE4. In fact, our cases have regularly evaluated whether failing to seek a competency evaluation is a failure to perform an essential duty. *See, e.g.*, *McGee v. State*, No. 19-1335, 2020 WL 5650470, at *1–2 (Iowa Ct. App. Sep. 23, 2020); *Lehman v. State*, No. 22-0407, 2023 WL 5602633, at *1 (Iowa Ct. App. Aug. 30, 2023). Based on our review of the record, we cannot find on this record that seeking a

competency hearing is a failure to perform an essential duty. So, we affirm the district court's denial of Manning's application for post-conviction relief.

**AFFIRMED.**